Angelo **FALCIANI**, Administrator of the Estate of Giulio Cinaglia, Deceased, and Trustee ad litem for Angela Cinaglia, Vincent Cinaglia and Anna Marconi,

v.

**PHILADELPHIA TRANSPORTATION COMPANY**
and
**Domenick Battilano.**
Civ. A. No. 28469.

United States District Court
E. D. Pennsylvania.
Dec. 9, 1960.

Pershing N. Calabro, Philadelphia Pa., for plaintiff.

H. Francis DeLone, Philadelphia, Pa., for defendant Philadelphia Transp. Co.

Howard R. Detweiler, Philadelphia, Pa., for defendant Battilano.

WOOD, District Judge.

Domenick Battilano and the Philadelphia Transportation Company are defendants in this suit. The plaintiff's decedent was a passenger in an automobile operated by the defendant Battilano when it collided with a bus of the defendant Philadelphia Transportation Company. Each defendant claims that the accident was caused by the negligence of the other. The defendant P.T.C. in its answer included a "counterclaim" against its co-defendant Battilano for damage to the bus. In addition, the defendant P.T.C. cross-claimed against the defendant Battilano for contribution or indemnity.

Battilano has moved to strike off the counterclaim on the grounds that Battilano and the P.T.C. are not "opposing parties," and, therefore, the counterclaim is improper. We think it clear that the P.T.C. may assert a claim against Battilano for damage to the P.T.C. bus. Whether this claim is called a "counterclaim" or a "cross-claim" is of no significance. Therefore, we shall allow the claim to stand.

[2, 3] With regard to the cross-claim for indemnity or contribution, defendant Battilano points out that under the Uniform Contribution Among Joint Tortfeasors Act, 12 P.S. § 2082 et seq., as it exists in Pennsylvania, a joint tortfeasor may not obtain a money judgment against his co-tortfeasor until he has paid more than his pro-rata share of any judgment obtained by the plaintiff and, therefore, the cross-claim is premature. However, we note that a conditional judgment may be entered for contribution. As a matter of fact, the Third Circuit has given us a form to follow in such situations. In the case of Smith v. Whitmore, 3 Cir., 1959, 270 F.2d 741, Judge Kalodner suggested the following form:

> "It is adjudged that the defendant X and the defendant Y are joint tortfeasors and that the right of contribution exists between the said defendants and that hereafter either defendant may have judgment against the other for any amount which he proves he has paid to the plaintiff in excess of his pro-rata share of the amount of the plaintiff's judgment."

The issues at and the conduct of the trial are the same whether or not the cross-claim (defendant Battilano) is stricken. However, should a new trial be granted as to one, the other and remaining defendant's right to contribu-

tion would be protected by a cross-claim and subject to immediate adjudication. Without the cross-claim, the remaining defendant would have to file suit against his co-defendant for contribution. The lapse of time involved in the latter procedure could be highly prejudicial to a defendant who pays more than his prorata share of the judgment. For the foregoing reasons, we enter the following Order:

### Order

And now, to wit, this 9th day of December, 1960, It Is Ordered that the defendant Battilano's motion to strike off the conterclaim of the P.T.C. is hereby Denied. The defendant Battilano's motion to strike off the cross-claim of the defendant P.T.C. is also hereby Denied.