Sciandra *v.* Shovlin (et al., Appellant).

Argued April 21, 1965.   Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Patrick J. Toole, Jr.,* with him *James P. Harris, Jr.,* for appellant.

*J. Earl Langan,* with him *Guy J. DePasquale,* for appellee.

Opinion by Mr. Justice Musmanno, June 30, 1965:

At about 9 p.m., January 7, 1961, Anthony Sciandra, age 32, started on foot to cross South Main Street in Pittston, walking from the west to the east side, when an automobile driven by Francis Shovlin, headed southwardly, struck him, hurling his body several feet into the air. As it descended, it was struck again by an automobile driven by Myrle J. Swingle which was proceeding northwardly. Sciandra died three hours later.

His widow, as administratrix of his estate, brought suit against both Shovlin and Swingle, averring concurrent negligence. At the trial, the judge charged the jury: "As I proceed through my charge, bear in mind that the plaintiff is seeking recovery on the theory of concurrent negligence of both defendants, which means that you will find for the plaintiff against both defendants, or you will find for both defendants against the plaintiff. Your verdict in this matter cannot be for the plaintiff against either of the defendants. In other words, it is a matter of proceeding on the concurrent or joint negligence of both defendants."

The jury returned a verdict in favor of both defendants and, upon proper motion, the court ordered a new trial stating it had committed fundamental error in charging the jury that it was not permissible to return a verdict against either defendant, individually.

The defendant Swingle appealed, contending that the court's charge was proper because the facts would not support a verdict against either defendant alone. The record reveals evidence as to the force of the impacts caused by the Shovlin and the Swingle cars. Damage done to the individual cars sheds further light on the manner in which Sciandra was struck and the injuries he probably sustained because of the separate collisions. Thus, there were facts from which the jury could make a reasonable determination that if both de-

fendants were not concurrently negligent, one of them, individually, may have caused Sciandra's death.

In *Coyne v. Pittsburgh Railways Co.*, 393 Pa. 326, 336, this Court said: "Equally and relevant is this Court's pronouncement in the case of Burrell Twp. v. Uncapher, 117 Pa. 353, 363, where we said: 'If the defendant's negligence concurred with some other event (other than the plaintiff's fault) to produce the plaintiff's injury, so that it clearly appears that but for such negligence the injury would not have happened, and both circumstances are closely connected with the injury in the order of events, the defendant is responsible, even though his negligent act was not the nearest cause in the order of time."

In the case at bar, the jury could find under the evidence and the applicable law that the first driver was liable not only for the injuries then inflicted but also for the death that followed. On the other hand, the jury could as fairly conclude that, under the evidence, the driver of the first car was not negligent but the second driver was. It could also find from a comparison of the effects of the two impacts upon the decedent's body and the corresponding vehicles that the first impact would not have been sufficient to cause the decedent's death but that the second impact did accomplish that result. In that event, the fact that the original injuries inflicted by the first impact may have contributed to the death would not insulate the driver of the second car from liability since a tortfeasor is liable to the full extent of the damage inflicted, even though that damage would not have been so great had there not been an already existing condition which was aggravated by the tortfeasor's misconduct.

In the case of *Brazel v. Buchanan*, 404 Pa. 188, William Brazel, while in an intoxicated condition, was struck by an automobile. As he lay inertly in the street he was struck by a second motorist, Buchanan,

who defended against a charge of negligence by asserting that Brazel's eventual injuries resulted from his own original inebriation. We said that: "So far as Buchanan is concerned, he entered on to the stage of events as an actor in a play wholly different from the one which had already ended with the curtain falling on Brazel's lying motionless in the highway."

Thus, here, Swingle knew of Sciandra's presence in the area he, Swingle, was to traverse. He had seen him in the middle of the street when he was still 80 feet away. It was his duty, therefore, to have his car under such control that he could stop to avoid an accident which was foreseeable and thus preventable. He was asked: "Why didn't you come to a stop before you reached a point in the highway at which he was standing?" He replied: "Because if you stopped with everybody who stood in the middle of the street—the Main Street of Pittston you'd never get going."

No matter what might have been the nature of Swingle's errand, its importance could not have risen higher than that of avoiding killing or injuring a man on the public highway. It is not for a motorist to weigh the value of his mundane affairs against the incalculable value of human life. A human being on the highway in the path of an oncoming car should stand revealed to the motorist as a beacon announcing danger and potential catastrophe, warning the motorist to proceed with the caution of a vessel approaching rocks, shoals or an explosive derelict.

Even if the jury would find that the blows inflicted by the first car had mortally wounded Sciandra, this finding would not absolve Swingle from responsibility for Sciandra's death if the blows negligently inflicted by Swingle accelerated Sciandra's death even by an hour, minutes or seconds. The burning candle of life is so precious a light in anyone's existence that no one has the right to extinguish it before it flickers out into perpetual darkness and oblivion.

The appellant Swingle maintains that the court's charge was entirely correct since the plaintiff had averred concurrent negligence, but the plaintiff was not estopped, because of that averment, from asking for the application of the correct rule of law which is that, though a plaintiff aver joint or concurrent negligence of two or more defendants, a verdict against only one of the named defendants can still stand, provided, of course, it is sustained by the evidence. Rule 2232(d) of the Pennsylvania Rules of Civil Procedure provides that: "When a plaintiff joins two or more defendants and the evidence does not justify a recovery against all of them, the court shall enter a nonsuit or direct a verdict in favor of any defendant not shown to be liable either jointly, severally or separately, and the action shall continue and determine which of the remaining defendants are jointly, severally or separately liable with the same effect as though the defendants found to be liable were the only ones joined. As in other cases the court may enter judgment notwithstanding the verdict in favor of or against any of such defendants."

The comments of the Procedural Rules Committee on this rule clearly reveal that it was intended to be an adaptation of the Joint Suit Act of June 29, 1923, P. L. 981, 12 P.S. §§685, 686, which had been suspended by Rule 2250. The Joint Suit Act had abrogated the common law rule that a plaintiff pleading joint liability of defendants could not recover against any of the defendants unless he could prove they were all jointly liable. Under that Act the plaintiff was permitted to recover against the defendants proved to be liable.

Rule 2232(d) was intended to do the same thing. This rule further extends the liberal policy of the Joint Suit Act by providing that, regardless of the nature of the liability pleaded by the plaintiff, he may

recover against any defendant proved to be factually responsible for the event depriving the plaintiff of his legal rights. The rule is founded on the basic principles of justice and fairness, for why should one or more defendants escape liability for their negligent acts merely because the facts may not have established liability on the part of another party alleged to have been jointly liable with them?

In the new trial, the court may therefore charge that if the plaintiff establishes the decedent came to his death because of the tortious acts of one or more persons, the plaintiff is entitled to recover against any one or more of them, according to the evidence presented.

In his brief the appellant Swingle argues that he had no duty to bring his vehicle to a stop upon sighting Sciandra crossing the street between intersections if there was sufficient room to pass him in safety. As has already been stated, Sciandra was on the street for a sufficient period of time to have been seen by Swingle and, therefore, even if Sciandra was crossing between intersections, Swingle had a duty toward Sciandra to exercise due care in avoiding a collision with him. Nor is there evidence in the record to hold the decedent guilty of contributory negligence as a matter of law, as also argued by the appellant.

Affirmed.

Mr. Chief Justice BELL, Mr. Justice COHEN, Mr. Justice EAGEN and Mr. Justice ROBERTS concur in the result.