605 A.2d 377

Dorothy Weidig HILEMAN, Administratrix of the Estate of Joseph Edward Weidig, a/k/a Joseph Edward Weidig, Sr., Deceased, and Dorothy Weidig Hileman, Joseph Edward Weidig, Jr., Scott Allen Weidig, Clyde William Weidig, and Julia Ann Weidig, Individually

v.

Ruth MORELLI, Executrix or Administratrix of the Estate of Marion A. Morelli, M.D., Deceased, and Nason Hospital.

Appeal of Ruth MORELLI, Executrix or Administratrix of the Estate of Marion A. Morelli, M.D., Deceased.

Superior Court of Pennsylvania.

Argued Sept. 11, 1991.

Filed March 20, 1992.

James F. O'Malley, Johnstown, for appellant.

Robert A. Kosseff, Philadelphia, for Hileman, appellee.

Frank J. Hartye, Hollidaysburg, for Nason Hosp., appellee.

Before CAVANAUGH, BECK and KELLY, JJ.

BECK, Judge:

This case presents a difficult procedural question concerning the interrelationship between the joinder rules and discontinuance practice. The question itself can only be understood in light of the peculiar scenario in which it arose, which was as follows.

On December 14, 1989, appellees, Dorothy Weidig Hileman, as Administratrix of the Estate of Joseph Weidig and individually, and her four children filed a complaint naming appellee Nason Hospital and appellant Ruth Morelli, Executrix of the Estate of Marion A. Morelli, M.D., as defendants. The complaint asserted wrongful death and survival actions against the defendants.[1] It alleged that on December 27, 1987, Joseph Weidig had visited Dr. Morelli complaining of chest pain and that the doctor had diagnosed him as having the flu and sent him home. The next day, Mr. Weidig was brought to the emergency room of Nason Hospital complaining of chest pain. He was admitted to the Intensive Care Unit and later that evening went into cardiac arrest and died.

The complaint alleged that both Dr. Morelli and the hospital had been negligent in the treatment of Mr. Weidig, thereby causing his death. Specifically, as to the hospital the complaint alleged that the hospital's treatment of Mr. Weidig in attempting to alleviate his chest pain had been

---

1. The complaint was filed just two weeks before the statute of limitations on plaintiffs' cause of action was to expire.

inadequate and, further, that the hospital had failed to pursue appropriate resuscitative measures when Mr. Weidig went into cardiac arrest. It was alleged that the hospital was both independently negligent and vicariously liable for the negligence of Dr. Morelli, who was on staff at the the hospital.

Both defendants filed preliminary objections to the complaint, objecting on the ground of lack of specificity. On May 11, 1990, the trial court granted these objections and gave plaintiffs leave to amend certain specific portions of the complaint to render the allegations contained therein more specific. Plaintiffs filed their amended complaint on September 20, 1990. Surprisingly, however, the amended complaint did not comply with the trial court's order allowing it. Rather than containing more specific allegations as to the negligence of the defendants, the amended complaint completely eliminated the hospital as a defendant. Only Dr. Morelli's estate remained.

As is to be expected, Dr. Morelli's estate immediately objected to this manner of proceeding. The estate filed preliminary objections pointing out that Pennsylvania Rule of Civil Procedure 229 provides:

(a) A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial.

(b) A discontinuance may not be entered as to less than all defendants without leave of court after notice to all parties.

(c) ....

Pa.R.C.P. 229(a) & (b).

The estate also asserted that to allow plaintiffs to discontinue their action against the hospital at this point in time would severely prejudice the estate, which had intended to follow the procedure set forth in Rule 2252(d) (joinder of person already a party) and assert by way of answer and new matter that the hospital alone was liable to plaintiffs and, alternatively, that the estate had a right to contribution from the hospital. The estate argued that if the

hospital were to be eliminated as an original defendant, the estate's right to join the hospital would be governed by Rule 2252(b) (joinder of person not already a party) and that under that rule, the estate could not join the hospital on an allegation of sole liability to plaintiffs because the statute of limitations as to such a claim had now expired.

The hospital responded to the amended complaint by filing preliminary objections in the nature of a demurrer, alleging that since the new complaint contained no allegations against the hospital, it should be dismissed from the action.

After briefing, the trial court heard oral argument. Plaintiffs' counsel informed the court that he had eliminated the hospital from the amended complaint because a medical expert had informed him that there had been no negligence in the manner in which the hospital had treated Mr. Weidig. Thus, counsel stated that he could not ethically pursue a cause of action against the hospital. Counsel appeared to concede that filing an amended complaint from which one original defendant is eliminated is not the proper vehicle for discontinuing an action as to that defendant. Therefore, counsel orally moved for a discontinuance as to the hospital, arguing that Rule 229 did not require that a written petition for discontinuance be filed. He further argued that the notice requirement of Rule 229(b) was fulfilled since all parties were put on notice that the plaintiffs wished to discontinue as to the hospital through the filing of the amended complaint. Counsel for Dr. Morelli's estate reiterated his position that to allow the discontinuance without provision being made for the estate to join the hospital as an additional defendant on grounds of sole *and* joint liability nunc pro tunc would substantially prejudice the estate.

On January 30, 1991, the trial court entered the following order, from which this timely appeal is taken:

AND NOW, to wit, this 30th day of January, 1991, upon consideration of defendant Ruth Morelli's preliminary objections to plaintiffs' amended complaint, defen-

dant Nason Hospital's preliminary objections to plaintiffs' amended complaint in the nature of a demurrer, plaintiffs' motion to discontinue this action as against defendant Nason Hospital, briefs submitted by counsel and oral argument thereon, it is hereby ORDERED, DIRECTED and DECREED that all of defendant Morelli's objections and motions are DENIED, plaintiffs' motion to discontinue the cause against defendant Nason Hospital is GRANTED, and defendant Nason Hospital's demurrer is GRANTED. We hereby direct the Prothonotary of this Court to strike the name of Nason Hospital from the caption in the docket.

In the interest of judicial economy, it is further ORDERED that defendant Morelli shall have thirty (30) days from the date of this order to file a writ or complaint against Nason Hospital to preserve any rights of contribution or indemnity. Further, defendant Morelli shall file its answer to plaintiffs' amended complaint within thirty (30) days of the date of this order.

In the trial court's opinion in support of this order, the court expressed its view that Rule 229 did not require a written petition to discontinue. Thus, there was no bar to granting a discontinuance of the action against the hospital simply because no written petition had been filed. The court further opined that any prejudice Dr. Morelli's estate might suffer as a result of the discontinuance was, in effect, its own fault. The court was of the opinion that if the estate wished to plead that the hospital was solely liable on plaintiffs' causes of action, it did not have to follow the answer and new matter procedure of Rule 2252(d) but rather could have, and under the circumstances of this case *must* have, filed a separate writ or complaint against the hospital within the statute of limitations. Having failed to do so, the estate was now barred from pleading sole liability of the hospital to the plaintiffs on their cause of action. Nevertheless, the court found that the estate did have the right to plead that it had a right to contribution from the hospital, since the statute of limitations on that claim had

not yet passed. Therefore, the court allowed the discontinuance of plaintiffs' action against the hospital, but allowed the estate to join the hospital to preserve the estate's contribution rights.[2]

■ We have carefully examined the record in this case and have conducted a thorough analysis of the law pertinent to joinder and discontinuance. Although this process has not unearthed any case precisely on point, we have nevertheless come to the inescapable conclusion that the trial court erred in granting a discontinuance as to the hospital without preserving the full battery of joinder rights provided to the estate under the rules of civil procedure.

■ We agree with the trial court's conclusion that the fact that plaintiffs did not file a written petition for discontinuance does not bar the court from granting plaintiffs' oral motion for discontinuance. Rule 229(b), relating to discontinuance of an action as to less than all defendants, does not expressly require a written petition. It requires leave of court and notice to all parties, both of which were present in this case. This, however, does not mean that the ultimate decision of the trial court in this case was correct. The flaw in the court's reasoning relates not to discontinuance procedure, but rather arises from a mistaken analysis of the effect the discontinuance would have on Dr. Morelli's estate.

We begin with a statement of the general principles of joinder on which our analysis depends. Rule 2252, captioned Right to Join Additional Defendants, is the obvious starting point. It provides, in pertinent part:

(a) Except as provided in Rule 1706.1, any defendant or additional defendant may join as an additional defendant

---

2. The trial court also dismissed the continuing objection of Dr. Morelli's estate to the lack of specificity of the allegations in the amended complaint. Appellant has not included an objection to this finding in his Statement of Questions on Appeal to this court and we will not, therefore, consider that issue. *Vaskie v. West American Ins. Co.,* 383 Pa.Super. 76, 556 A.2d 436 (1989).

any person, whether or not a party to the action, who may be

(1) solely liable on the plaintiff's cause of action, or

(2) liable over to the joining party on the plaintiff's cause of action, or

(3) jointly or severally liable with the joining party on the plaintiff's cause of action, or

(4) liable to the joining party on any cause of action arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

(b) If the person sought to be joined is not a party to the action the joining party may file as of course a praecipe for a writ or a complaint.

. . . .

(d) If the person sought to be joined is a party, the joining party shall, without moving for severance or the filing of a praecipe for a writ or a complaint, assert in his answer as new matter that such party is alone liable to the plaintiff or liable over to the joining party or jointly or severally liable to the plaintiff or liable to the joining party directly setting forth the ground therefor. The case shall proceed thereafter as if such party had been joined.

Pa.R.C.P. 2252(a), (b), & (d).

■ Thus, Rule 2252 provides two different joinder procedures. If the person to be joined is already a party to the action, either as plaintiff or defendant, the joinder is affected through answer and new matter. Since the rule says the joining party in this situation "shall" effect the joinder in this manner, it is clearly a mandatory procedure. As leading commentators on the rules of civil procedure have noted:

The use of the word "shall" in describing the new matter technique and the use of the word "without" in describing severance and writ combine to make the new matter technique the exclusive method.

Goodrich Amram 2d, *Standard Pennsylvania Practice*, Vol. 8 § 2252(d):1 (1977). In contrast, where a party seeks to join a person not already a party to the action, joinder is effected by filing a praecipe for a writ or complaint. Pa. R.C.P. 2252(c).

The present form of the joinder rule reflects a major modification and simplification of joinder practice. This was effected largely through an amendment to the rule promulgated in 1969. As this court has explained the evolution of joinder practice and the policies underlying the present rule:

> The rule was amended . . . in 1969 to provide a procedure for joining any party, plaintiff or defendant, who might be solely liable, liable over or jointly or severally liable with the joining party. The purpose of these amendments was to provide a short cut procedure for disposing of matters involving numerous parties with divergent interests, avoiding the cumbersome three step process of severance, joinder and consolidation formerly required if one wished to join a person already a party to the action.

> In construing this rule . . . a number of principles are to be kept in mind. Generally applicable to all the rules of civil procedure is Rule 126 which provides that "[t]he rules shall be liberally constructed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable." Such an approach is particularly pertinent where multiple parties are involved since the intent of the rules is to avoid multiplicity of suits by providing for the adjudication of all the rights and liabilities of those present and concerned in a single suit. This Court has favored the policy of broadly interpreting Rule 2252 "not only to compel every interested person to defend the action by the plaintiff, but also to save the original defendant from possible harm resulting from loss of evidence as might result if compelled to await the end of the suit before proceeding against those from whom he seeks contribution."

*Ragan v. Steen,* 229 Pa.Super. 515, 331 A.2d 724, 729–30 (1974) (citations omitted). *See also Somers v. Gross,* 393 Pa.Super. 509, 574 A.2d 1056 (1990); *Martinelli v. Mulloy,* 223 Pa.Super. 130, 299 A.2d 19 (1972).

█ Although the joinder rights accorded an original defendant under Rule 2252 are broad, they are not unlimited. One such limitation lies at the heart of this case. It arises from the effect of the statute of limitations applicable to the plaintiff's cause of action on the ability of an original defendant to join an additional defendant on the ground that the additional defendant is solely liable to plaintiff on its cause of action. It is well established that where an original defendant wishes to join an additional defendant who is *not* already a defendant in the action on the ground that the additional defendant is solely liable on the plaintiff's cause of action, the original defendant must act within the statute of limitations applicable to the plaintiff's cause of action. *Wnek v. Boyle,* 374 Pa. 27, 96 A.2d 857 (1953); *Dickson v. Lewandowski,* 228 Pa.Super. 57, 323 A.2d 169 (1974). In other words, a defendant may not bring another party into the case on the theory that he is solely liable to plaintiff if the plaintiff himself is already time barred from suing that new defendant. In contrast, where the original defendant wishes to join an additional defendant who is not already a defendant in the action on the ground that the additional defendant is liable to the original defendant for contribution or indemnity, the statute of limitations on the plaintiff's cause of action is irrelevant. The claim of the original defendant for contribution or indemnity is the original defendant's own separate cause of action which does not even arise until he has been held liable to plaintiff. *Id.*

Although the foregoing principles are clear insofar as they relate to the rights of an original defendant in joining an additional defendant who has not already been sued by plaintiff on his cause of action, there is little authority to instruct us as to the effect of the statute of limitations applicable to the plaintiffs' cause of action on the joinder

rights extant between two *original* defendants, as is the case here. The little authority we have located, however, indicates that the analysis is not the same under such circumstances and we agree that it should not be.

In *Oxford Dress Manufacturing Co., Inc. v. Shamokin Shoe Corp.*, 6 D. & C.3d 93 (1978), the Court of Common Pleas for Northumberland County grappled with this question. In that case, the plaintiff sued two defendants, alleging that both defendants together or either of them separately was liable to plaintiff for its damages. One defendant sought to join the other as an additional defendant on the ground that it was solely liable to plaintiff. The other defendant objected, stating that the statute of limitations on plaintiff's claims against it had now expired. The trial court rejected this objection, stating:

In all of the cases [where joinder of an additional defendant was held barred because the plaintiffs' statute of limitations had expired] the person attempting to be joined as an additional defendant was not already in the case as an original defendant.

In the case at bar, [the defendant to be joined] is already exposed to potential sole liability to plaintiff by virtue of its having been named as an original defendant. By being joined as an additional defendant, [it] is not being exposed to any *increased* liability. The shield of the Statute of Limitations would then serve no purpose.

*Id.* at 95 (emphasis in original).

We agree with this analysis. In the situation where a plaintiff sues two defendants, alleging the same cause of action against both of them, the plaintiff's institution of suit against both defendants tolls the statute of limitations on plaintiff's cause of action as to both defendants. Thus, each original defendant has the right, even after the period of the statute of limitations has passed, to file an answer and new matter under rule 2252(d) alleging that the other original defendant is solely liable on the plaintiff's cause of action. In doing so, the original defendant adds nothing to what the plaintiff has already alleged against the other

original defendant and the statute of limitations should not bar the joinder.

We must now analyze how these principles apply to the situation presented by this case. Dr. Morelli's estate argues that it has been denied the full benefit of Rule 2252's liberal joinder provisions. The estate argues that when plaintiffs initiated suit against both the estate and the hospital, alleging that they were each negligent in their treatment of Mr. Weidig and that this negligence caused Mr. Weidig's death, the estate then had the right under Rule 2252(d) to file, in its answer and new matter, a cross-claim against the hospital alleging that it alone was liable on plaintiffs' cause of action. Since plaintiffs had already commenced suit on their cause of action against the hospital within the statute of limitations, the estate would be free to allege that the hospital was solely liable on plaintiffs' cause of action even though the answer and new matter containing that allegation was filed after the statute of limitations on plaintiffs' causes of action had expired. In joining the hospital on this ground, all the estate would be doing was alleging that which had already been alleged by plaintiffs themselves against the hospital.

However, the estate continues, before the time for filing an answer and new matter arose, plaintiffs unilaterally discontinued their suit against the hospital. This occurred long after the statute of limitations on plaintiffs' cause of action had passed. Thus, the estate would have to attempt to join the hospital as a new party additional defendant under Rule 2252(c). In doing so, the estate could allege that it had a right to contribution or indemnity from the hospital, but could not allege that the hospital alone was liable to plaintiffs since the statute of limitations on plaintiffs claims against the hospital had by then expired.

The trial court rejected this argument. It found that the elimination of the hospital as an original defendant did not deprive the estate of any joinder rights that it would have had if the hospital was retained as an original defendant. The court determined that the estate could not have alleged

that the hospital was solely liable on plaintiffs' cause of action even if plaintiffs were not permitted to discontinue their action against the hospital and the hospital was kept in the action as an original defendant. The trial court so concluded because it found that plaintiffs' original complaint itself never asserted that the hospital was solely liable to plaintiffs on their cause of action since plaintiffs' original complaint alleged only that the hospital and Dr. Morelli's estate were "jointly and severally" liable to plaintiffs. Thus, the trial court concluded that if the estate had wanted to allege sole liability of the hospital to the plaintiffs, it should not and could not have waited to avail itself of the answer and new matter procedure outlined in Rule 2252(d). Rather, the estate had to file a separate writ or complaint against the hospital asserting that it was solely liable to plaintiffs within two weeks after the plaintiffs' original complaint was filed, which was when the statute of limitations on plaintiffs' cause of action against the hospital expired.

We do not concur in this analysis. Although the trial court was correct in noting that the plaintiffs' original complaint alleged that the hospital and Dr. Morelli's estate were jointly and severally liable, this does not lead to the conclusion that when the statute of limitations on plaintiffs' causes of action expired, the estate could not join the hospital on a theory of sole liability to plaintiff. The plaintiffs' original complaint alleged numerous independent acts of negligence by the hospital. It also alleged that these acts caused Mr. Weidig's death. The fact that the concluding section of each count of the complaint asserted that the defendants were "jointly and severally" liable does not alter the fact that, within the statute of limitations, the plaintiffs had sued the hospital on their cause of action, thereby tolling the statute of limitations. Therefore, Dr. Morelli's estate could, even after the statute had expired, by way of answer and new matter, plead that the hospital was solely liable to plaintiffs on that cause of action.

We have reached this conclusion by pursuing several corollary principles of law which demonstrate the trial court's error. First, it is well-established that a plaintiff's pleading of joint and several liability against several defendants does *not* bar the plaintiff from subsequently recovering a judgment for sole liability against only one of them. Rule 2232(d) specifically provides that when a plaintiff joins two or more defendants and the evidence does not justify a recovery against all of them, the trial court may dismiss some of them from the suit and the action shall continue as to the remaining defendants. In *Sciandra v. Shovlin*, 418 Pa. 378, 211 A.2d 437 (1965), the Supreme Court of Pennsylvania construed this rule to mean that:

> ... regardless of the nature of the liability pleaded by the plaintiff, he may recover against any defendant proved to be factually responsible for the event depriving the plaintiff of his legal rights.

*Id.*, 418 Pa. at 383–84, 211 A.2d at 439.

Thus, when the plaintiffs here sued the hospital and Dr. Morelli's estate on a theory of joint and several liability, the plaintiffs secured to themselves the right to recover a judgment against the hospital alone on the ground that it alone was solely liable to plaintiffs for their harm. The fact that they did not plead sole liability has no effect on their ability to secure such a judgment. Therefore, the failure to plead sole liability can have no effect on whether they had timely asserted their cause of action against the hospital.

Moreover, even assuming that plaintiffs would recover a judgment against both the hospital and the estate on the ground that they were jointly and severally liable, the hospital would still be liable to plaintiffs for the entire judgment, subject only to the hospital's separate contribution rights against the estate. When the plaintiffs alleged that Dr. Morelli's estate and the hospital were "jointly and severally" liable on the plaintiffs' cause of action, they were alleging that the two defendants were both jointly liable *and* each independently liable to the plaintiffs for plaintiffs' harm. As defined in Black's Law Dictionary, "joint and

several liability" means a liability as to which the creditor may sue one or more of the parties separately, or all of them together, at his option. *Black's Law Dictionary* at 751 (5th ed. 1979). As this definition indicates, when a plaintiff seeks to impose joint and several liability on two or more defendants, he seeks to recover a judgment which he can then enforce in whole or in part against each of them. As this court opined in *Glomb v. Glomb*, 366 Pa.Super. 206, 530 A.2d 1362, 1365 (1987), "[i]mposition of joint and several liability enables the injured party to satisfy an entire judgment against any one of the tort-feasors, even if the wrongdoing of that tortfeasor contributed only a small part to the harm inflicted." If the defendants are held jointly and severally liable, they may have contribution rights as between them, but this does not affect the plaintiff's right to collect his judgment from either.

Thus, the practical effect of plaintiffs' original pleading in this case was to enable the plaintiffs to recover a judgment which it could collect against either the hospital, or Dr. Morelli's estate, or both. From both the plaintiffs' and the hospital's point of view, when plaintiffs filed their original complaint, the hospital was potentially liable *to the plaintiffs* for all of their harm. The original complaint therefore tolled the statute of limitations as to the plaintiffs' cause of action against the hospital. Clearly, then, the estate had the right to plead, by way of answer and new matter, that the hospital alone was liable to plaintiffs on plaintiffs' cause of action. This added nothing to the hospital's already existing exposure to the *plaintiffs*, which had arisen when the plaintiffs timely filed their original complaint against the hospital.

 This conclusion is also consistent with the manner in which the phrase "cause of action" as used in Rule 2252(a) has been construed. The trial court appears to have regarded pleading joint and several liability of two defendants as being a separate cause of action from pleading sole liability of each defendant. This is why the trial court found that pleading joint and several liability did not toll the

statute of limitations as to sole liability. However, this is not how the phrase "cause of action" is used in Rule 2252(a) itself. Rule 2252(a) states that a defendant may join any person who may be "solely liable on the plaintiff's cause of action." In *Somers v. Gross*, 393 Pa.Super. 509, 574 A.2d 1056 (1990), a panel of this court opined:

> The requirement of Rule 2252(a) that joinder on the ground that the joined party is solely liable to the plaintiff "on the cause of action declared upon by the plaintiff," has been broadly construed to mean "... the harm of which the plaintiff complains." *Garrett [Electronics Corp. v. Kampel Enterprises, Inc.]*, 382 Pa.Super. 352, 555 A.2d [216] at 217 [1989].... [i]n *Incollingo v. Ewing*, 444 Pa. 263, 299, 282 A.2d 206 (1971) ... [t]he Court stated that the phrase "cause of action", as used in Rule 2252, cannot be taken too literally. Rather, the Court required only that the "additional defendant's liability [be] related to the original claim which plaintiff asserts against the original defendant ..." *Id.*, 444 Pa. at 290, 282 A.2d at 220.

*Id.*, 393 Pa.Superior Ct. at 514, 574 A.2d at 1058. *See also Svetz for Svetz v. Land Tool Co.*, 355 Pa.Super. 230, 513 A.2d 403, 406 (1986).

If, applying these definitions, the plaintiffs' cause of action is to be defined as the harm of which the plaintiff complains, then clearly the question of whether the plaintiff has or has not timely asserted its cause of action against a defendant and thereby tolled the statute of limitations is unaffected by whether the plaintiff has pleaded that the defendant is jointly, or severally, or solely liable for that harm. Under any of these circumstances, the cause of action has been timely pled by the plaintiff and an attempt by one original defendant to plead that another original defendant is solely liable *on the plaintiff's cause of action* is not time barred.

Both the hospital and the plaintiffs argue, however, that even if it is conceded that the discontinuance of the action as to the hospital denied the estate a joinder right which it otherwise would have had, nevertheless no real

prejudice was suffered by the estate as a result. They argue that since the trial court did allow the estate to join the hospital to preserve the estate's contribution and indemnity rights, the estate has suffered no real harm. We disagree. The estate was denied a right which the rules provide it. Given the views expressed by the trial court in its opinion, clearly at the trial of this action the court would not permit the estate to argue that the hospital alone was liable to plaintiffs since the court has stated that it considers this assertion barred by the statute of limitations. Without the ability to assert that the hospital is solely liable to plaintiffs, the estate would have no way to avoid liability entirely, without the need to seek contribution or indemnity from the hospital, on the ground that the hospital alone caused plaintiffs' harm. This court has often emphasized the importance of this right, noting that it is generally improper, for example, for a nonsuit to be granted as to an original defendant before the additional defendants have had the opportunity to present their case and show, if they can, that the original defendant is solely liable to the plaintiff.[3] *See Pushnik v. Winky's Drive In Restaurants,* 242 Pa.Super. 323, 363 A.2d 1291, 1296 (1976).

In conclusion, we find that the trial court's allowance of a discontinuance by plaintiffs of their action against the hospital without allowing Dr. Morelli's estate to join the hospital nunc pro tunc on grounds of sole liability to plaintiffs was in error. If the hospital were kept in the case, the estate would have the right to plead this ground against the hospital. This right must be preserved. Thus, if the plaintiffs are to be allowed to discontinue their action against the hospital, the estate must be allowed to join the hospital nunc pro tunc as an additional defendant under Rule 2252(c) on the ground that the hospital is solely liable to plaintiffs, as well as to preserve the estate's rights to contribution and indemnity. Alternatively, the trial court may disallow the

---

3. Given our emphasis on this right, the interrelation between joinder rules, statutes of limitations, and discontinuance practice would seem a ripe topic for consideration by the Civil Procedural Rules Committee.

334

discontinuance and allow the estate to pursue its joinder rights under 2252(d) by filing an answer with new matter joining the hospital on these grounds.

The order of the trial court is reversed and the matter is remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.