## McCall v. Rangru

C.P. of Crawford County, no. 2006-835.

*Dennis G. Kuftic,* for plaintiffs.
*Kathleen A. Segmiller,* for defendant.
*Joanna K. Budde,* for additional defendant.

VARDARO, *J.,* February 1, 2007—

## BACKGROUND

On July 16, 2004, the plaintiffs were traveling in their vehicle within a westbound lane of State Route 322, approaching the Sears strip mall in Vernon Township. The vehicle's right turn signal was in use as the plaintiffs neared the strip mall exit. About this time, the defendant drove her vehicle from the strip mall exit onto State Route 322. The two vehicles came into contact and plaintiff-wife was injured as a result.

On June 12, 2006, the plaintiffs filed a praecipe for writ of summons in this matter. This writ was successfully served on July 7, 2006. On September 11, 2006, the defendant filed a praecipe for rule to file complaint. The plaintiffs filed their complaint in this matter on September 22, 2006.

On October 18, 2006, the defendant filed an answer, new matter and new matter pursuant to Pa.R.C.P. 2252(d). In response, plaintiff-husband, as additional defendant pursuant to Rule 2252(d), filed preliminary objections.

We turn now to consideration of the additional defendant's preliminary objections.

## DISCUSSION

In his first objection, the additional defendant has set forth a motion to strike/motion for more specific pleading. He contends that the phrase "generally and in the following particulars" stated within the prefatory paragraph of paragraph 26 of the defendant's Rule 2252(d) new matter should be stricken as overly broad and vague pursuant to Pa.R.C.P. 1019(a) and pursuant to *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983).

At the time of oral argument, the additional defendant indicated that his first objection had been resolved. The defendant indicated that she agreed to the removal of the term "generally" from the prefatory paragraph of paragraph 26. Accordingly, we will sustain the additional defendant's first objection and we strike the words "generally and" from the third line of the prefatory paragraph of paragraph 26 of the defendant's Rule 2252(d) new matter.

In his second objection, the additional defendant has set forth a demurrer/motion to strike/misjoinder of cause of action. Specifically, the additional defendant contends that the defendant's Rule 2252(d) new matter claim against him for sole liability should be stricken since it has been improperly asserted after the expiration of the applicable statute of limitations.

The parties appear to agree that a two-year statutory limitation period applies in this matter. Indeed, negligence causes of action must generally be commenced within two years of the occurrence of the events forming the bases for such claims. (See 42 Pa.C.S. §5524.)

In the instant case, the defendant was successfully served with a writ of summons on July 7, 2006, roughly nine days before the expiration of the two-year statutory limitation period. However, the plaintiffs did not file their complaint in this matter until September 22, 2006. By this point, the defendant could not have possibly filed her Rule 2252(d) new matter sole liability claim against the additional defendant [and co-plaintiff] prior to the expiration of the two-year statutory limitation period. It would not have been proper for the defendant to have filed her Rule 2252(d) new matter sole liability claim prior to being served with the plaintiffs' complaint. A new matter claim is part of a *responsive* pleading. By definition then, the defendant could not assert her Rule 2252(d) new matter sole liability claim until there was an actual complaint against which to offer a response.

In the context of the propriety of the filing of Rule 2252(d) claims after the expiration of the applicable statutes of limitations, both parties have asserted that the holdings in *Hileman v. Morelli,* 413 Pa. Super. 316, 605 A.2d 377 (1992), support their respective positions. We find that *Hileman* is not dispositive of the central issue involved in the additional defendant's second objection.

The additional defendant cites to the following rule set forth by the *Hileman* court:

"It is well established that where an original defendant wishes to join an additional defendant who is *not* already a defendant in the action on the ground that the additional defendant is solely liable on the plaintiff's cause of action, the original defendant must act within the

statute of limitations applicable to the plaintiff's cause of action." *Id.* at 326, 605 A.2d at 382. (citations omitted) (emphasis in original)

The problem with applying this rule in the instant case is that the plaintiffs, by their own delay, prevented the defendant from filing her Rule 2252(d) sole liability claim prior to the expiration of the applicable statutory limitation period. The plaintiffs filed their complaint over two months after the expiration of the applicable statutory limitation period.

The defendant notes that, ultimately, the *Hileman* court allowed for the assertion of a Rule 2252(d) sole liability claim after the expiration of the applicable statutory limitation period. However, underlying the court's basis for allowing such an assertion of a Rule 2252(d) claim was the conclusion that the Rule 2252(d) claim in question would not allege anything more against the additional defendant than what had already been alleged against the additional defendant by the plaintiff. (See *Hileman* at 328, 605 A.2d at 383.)

In the instant case, the defendant is attempting, through her Rule 2252(d) new matter sole liability claim, to assert sole liability against the additional defendant, whereas the plaintiff-wife had not previously asserted *any* claims against the additional defendant in this matter. Thus, in contrast to the co-defendant in *Hileman,* the additional defendant would be facing a claim that had not been asserted against him previously in this matter.

In any event, it was the plaintiffs' own actions or inactions that prevented the defendant from filing her Rule 2252(d) new matter sole liability claim prior to the ex-

piration of the statutory limitation period in the first place. Certainly an unjust result would occur if the defendant's Rule 2252(d) new matter sole liability claim could be defeated in this manner. Further, if this technique were permitted, plaintiffs could regularly preclude the assertion of such claims simply by filing their complaints past the expiration of the applicable statutory limitation periods, as was done here. We will not set a precedent that approves of such a tactic.

The defendant contends that she filed her Rule 2252(d) new matter within the requisite 60-day period. It is likely that she is making reference to the 60-day filing period referred to within Pa.R.C.P. 2253(a). However, the 60-day filing period required under Rule 2253(a) does not apply to an attempt at joinder through Rule 2252(d). Rule 2253(a) states, in pertinent part, as follows:

"Except as provided by Rule 1041.1(e) [not applicable in the instant case], neither a praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by complaint, shall be filed by the original defendant or an additional defendant later than 60 days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by order of court or by written consent of all parties approved by and filed with the court."

Rule 2253(a) contemplates a 60-day filing period when joinder is to be effected by praecipe or by complaint. However, a joinder effected pursuant to Rule 2252(d) is to be asserted as new matter. Rule 2252(d) states:

"If the person sought to be joined is a party, the joining party shall, *without moving for severance or the filing of*

*a praecipe for a writ or a complaint, assert in the answer as new matter* that such party is alone liable to the plaintiff or liable over to the joining party or jointly or severally liable to the plaintiff or liable to the joining party directly setting forth the ground therefor. The case shall proceed thereafter as if such party had been joined by a writ or a complaint. (emphasis supplied)

We turn then to the filing period set forth within Pa.R.C.P. 1026(a). Rule 1026(a) states:

"Except as provided by Rule 1042.4 [not applicable in the instant case] or by subdivision (b) of this rule [not applicable in the instant case], every pleading subsequent to the complaint shall be filed within 20 days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead."

The plaintiffs filed their complaint on September 22, 2006. The defendant filed her answer, new matter and new matter pursuant to Pa.R.C.P. 2252(d) on October 18, 2006. However, the plaintiffs did not file a certificate of service or otherwise indicate when service of their complaint was effected. The defendant has acknowledged receiving service by first class mail, but she has not indicated a date for such service. We cannot determine therefore, based on the record, whether the defendant filed her responsive pleading within 20 days of the effective service upon her of the plaintiffs' complaint.

Further, since the additional defendant has not raised this particular issue within his preliminary objections, any potential objection based upon noncompliance with Rule 1026(a) has been waived by the additional defen-

dant in any event. (See Pa.R.C.P. 1028(b) and Pa.R.C.P. 1032(a).)

In the interest of justice, we conclude that the defendant, under the circumstances in this case, must be allowed to assert her Rule 2252(d) new matter sole liability claim against the additional defendant. Accordingly, we will overrule the additional defendant's second objection.

## ORDER

And now, February 1, 2007, for the reasons set forth in the attached memorandum, the first preliminary objection of the additional defendant is sustained and the words "generally and" are stricken from the third line of the prefatory paragraph of paragraph 26 of the defendant's Rule 2252(d) new matter.

The additional defendant's second preliminary objection in the nature of a demurrer/motion to strike/misjoinder of cause of action is denied.

The additional defendant may file a responsive pleading within 20 days from the date of this order.