## Bubba v. Leendertz

C.P. of Northampton County, No. C-48-CV-2014-2037

*Charles J. Fonzone*, for plaintiffs.
*Ralph J. Bellafatto*, for defendants.

BELTRAMI, *J.*, Dec. 11, 2014—This matter is before the court on defendants' motion for judgment on the pleadings ("motion"), filed on August 11, 2014. Defendants filed a brief with their motion and a supplemental brief on September 18, 2014. Plaintiffs filed a nrief on August 29, 2014, and a reply brief on September 29, 2014. Oral argument was heard on September 2, 2014. For the reasons that follow, defendants' motion will be granted.

The matter currently before the court arises out of a related action, *Karam v. Gennaro*, filed in this court on January 22, 2013, at docket number C-48-CV-2013-0766 ("Related Action"). (*See* Compl. ¶ 3, Ex. A; Answer ¶ 3.)

Related action is a premises liability and wrongful death action brought on behalf of the decedent, Selma Karam, who was injured in and later died as a result of a fall that occurred on February 23, 2011. (Compl., Ex. A ¶¶ 11-12.) Plaintiffs own and operate Pizza Joe's Italian Restaurant ("Pizza Joe's"), where Selma Karam fell. (*Id.* ¶¶ 3, 5.) Plaintiffs are the defendants in related action. (*Id.* ¶¶ 3-10.) The complaint in related action was filed on January 22, 2013.

The instant complaint was filed on March 10, 2014, and was served on defendants on March 26, 2014. Selma Karam was the mother of defendants. (Compl. ¶ 11; Answer ¶ 13.) Defendants brought their mother to Pizza Joe's on the date of her fall. (Compl. ¶ 13; Answer ¶ 13.) Plaintiffs allege that defendants' negligence was the cause of Ms. Karam's injuries, in that defendants instructed Ms. Karam, who was in a frail state, to leave Pizza Joe's without supervision or assistance. (Compl. ¶¶ 13-29.) As a result, plaintiffs seek damages from defendants on the theory that defendants are "solely liable for any injuries sustained by their mother" or are, alternatively, "liable to, with, over to, and/or jointly and jointly and severally liable with" the plaintiffs. (*Id.* ¶¶ 34-35.)

Defendants filed an answer with new matter on July 7, 2014. In it, defendants deny any legal responsibility for the injuries that befell their mother. (Answer ¶ 7.) In their new matter, defendants aver: "plaintiffs' claims are untimely, and therefore, barred by the application of the appropriate statute of limitations. The date of the accident

at issue is February 23, 2011. Plaintiffs' complaint was filed on March 10, 2014." (*Id.* ¶ 37.) The instant motion was filed on August 11, 2014, wherein defendants state that "plaintiffs did not timely join defendants as additional defendants [in related action] as required by Pennsylvania Rule of Civil Procedure 2252." (Mot. ¶ 8.)

A motion for judgment on the pleadings may be granted when the pleadings demonstrate that there is no genuine issue of fact and the moving party is entitled to judgment as a matter of law. *Urbano v. STAT Courier, Inc.*, 878 A.2d 58, 60 (Pa. Super. 2005). In ruling on such a motion, the court may only consider the pleadings and any documents or exhibits attached to the pleadings. *Consolidation Coal Co. v. White*, 875 A.2d 318, 325 (Pa. Super. 2005). The court "must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted." *Shirley by Shirley v. Javan*, 684 A.2d 1088, 1089 (Pa. Super. 1996).

Initially, the court notes that plaintiffs' complaint consists of thirty-five numbered paragraphs followed by a single claim for relief. In that claim for relief, plaintiffs "respectfully request that any verdict and/or judgment rendered [in related action] be against defendants . . . solely, or, in the alternative, jointly and/or severally liable with, and/or over to, plaintiffs." (Compl. at 6.) This claim for relief, combined with the fact that plaintiffs filed a motion to consolidate this case with related action, which

the honorable Jennifer R. Sletvold denied on August 27, 2014, makes it apparent that plaintiffs' purpose in filing this suit is to, in essence, join defendants as "additional defendants" in related action, despite the fact that plaintiffs never attempted to timely join defendants as additional defendants in related action, pursuant to Pennsylvania Rule of Civil Procedure 2252(a), which states:

[A]ny party may join as an additional defendant any person not a party to the action who may be...solely liable on the underlying cause of action against the joining party, ...or liable to or with the joining party on any cause of action arising out of the transaction or occurrence...upon which the underlying cause of action against the joining party is based.

Pa.R.C.P. No. 2252(a). Pennsylvania Rule of Civil Procedure 2253(a) states that

neither a praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by complaint, shall be filed later than (1) sixty days after service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof, or (2) the time for filing the joining party's answer..., whichever is later, unless such filing is allowed by order of the court or by the written consent of all parties approved by and filed with the court.

Pa.R.C.P. No. 2253(a). The complaint in related action was filed on January 22, 2013, and was served on January 30, 2013. The pleadings in related action are now closed,

and there is neither a court order nor an agreement of the parties permitting a joinder of defendants as additional defendants in related action. Thus, plaintiffs cannot use the instant suit to circumvent Rule 2253.

Turning to plaintiffs' first claim for relief in the instant case, that defendants be held "solely liable" for their mother's fall, the court notes that the sole basis upon which plaintiffs request this relief is defendants' alleged negligence. The statute of limitations for a negligence claim is two years. 42 Pa.C.S.A. § 5524(2). According to plaintiffs' complaint, defendants' mother fell on February 23, 2011. (Compl., Ex. A ¶ 11.) Because defendants were not joined as additional defendants in related action prior to the expiration of the statute of limitations and because plaintiffs' complaint in this case was filed more than two years after defendants' mother's fall, there is no circumstance under which defendants can be held "solely liable" for their mother's fall.[1] Therefore, the pleadings demonstrate that there is no genuine issue of fact and that defendants are entitled to judgment as a matter of law on plaintiffs' claim that defendants are solely liable to their mother in related action.

Because defendants cannot be held "solely liable," all that remains, in this case, are plaintiffs' claims that defendants are liable to them based on indemnification or contribution. Only one of these theories may ultimately

---

1. The court notes that although the claim that defendants are "solely liable" was pleaded in paragraph thirty-four of plaintiffs' complaint, plaintiffs presented no legal authority or theory in their briefs that would allow for such a claim at this time.

stand, as indemnification and contribution are alternative remedies. *Stewart v. Uniroyal, Inc.*, 72 Pa. D. & C.2d 206, 214 (C.P. of Allegheny Cnty. 1975) *aff'd*, 356 A.2d 821 (Pa. Super. 1976). "Indemnity is a common law remedy which shifts the entire loss from one who has been compelled, by reason of some legal obligation, to pay a judgment occasioned by the initial negligence of another who should bear it." *Willet v. Pa. Med. Catastrophe Loss Fund*, 702 A.2d 850, 854 (Pa. 1997) (citing *Builders Supply Co. v. McCabe*, 77 A.2d 368, 370 (Pa. 1951)). Plaintiffs cite to *Builders Supply* in support of their argument that they are entitled to common law indemnification. With regard to indemnification claims, *Builders Supply* makes clear that

the important point to be noted in all the cases is that secondary as distinguished from primary liability rests upon a fault that is imputed or constructive only, being based on some legal relation between the parties, or arising from some positive rule of common or statutory law or because of a failure to discover or correct a defect or remedy a dangerous condition caused by the act of the one primarily responsible. In the case of *concurrent* or *joint* tortfeasors, having no legal relation to one another, each of them owing the same duty to the injured party, and involved in an accident in which the injury occurs, there is complete unanimity among the authorities everywhere that no right of indemnity exists on behalf of either against the other; in such a case, there is only a common liability and not a primary and secondary one, even though one may have been very much more negligent than the other. The universal rule

is that when two or more contribute by their wrongdoing to the injury of another, the injured party may recover from all of them in a joint action or he may pursue any one of them and recover from him, in which case the latter is not entitled to indemnity from those who with him caused the injury.

*Builders Supply Co.*, 77 A.2d at 371 (Pa. 1951). In this case, as well as in related action, there are no facts pleaded from which one could find or infer that if liability were to be found on the part of either plaintiffs or defendants, it would be due to a legal relationship between them or that it would be a fault that is merely constructive or imputed. Rather, the parties here are separate entities with no legal connection to one another. Thus, the only type of fault-sharing that could occur between plaintiffs and defendants is not contemplated in the law of indemnification. Accordingly, the pleadings demonstrate that there is no genuine issue of fact and that defendants are entitled to judgment as a matter of law on plaintiffs' claim for indemnification.

With regard to plaintiffs' claim for contribution, it is well-established in Pennsylvania that

an action for contribution is based on equitable principles and sounds in contract rather than tort law. Pennsylvania law provides for a right of contribution among joint tortfeasors if: (1) two or more persons are found jointly and severally liable in tort and (2) if one of the tortfeasors has paid more than his or her pro rata share of the common liability. A joint tortfeasor has

the option of pursuing his or her right for contribution either by maintaining a separate and independent action or by having the plaintiff's judgment marked to the use of the party seeking contribution. A joint tortfeasor's right to contribution is distinct from the original action. Because of this distinction, the statute of limitations on a contribution action begins to run only when a judgment is entered in favor of the plaintiff in the original action.

The statute of limitations for a contribution action is statutorily governed by 42 Pa.C.S.A. § 5527, which provides that a six year period applies to all civil actions which are not subject to another limitation specified by statute. Because a contribution action is not specifically named within a particular limitations statute, the applicable statute of limitations is § 5527. Accordingly, in an action for contribution, the applicable limitation period is six years commencing from the entry of judgment against the joint tortfeasors.

*Pa. Nat'l Mut. Cas. Ins. Co. v. Nicholson Constr. Co.*, 542 A.2d 123, 125-26 (Pa. Super. 1988) (citations omitted). "[C]ontribution [is] available against any defendant, even one the original plaintiff did not sue." *MIIX Ins. Co. v. Epstein*, 937 A.2d 469, 472 (Pa. Super. 2007). In such a case, "[t]he right of contribution...may be...pursued in a separate action by an original defendant *who has previously been held liable* to the original plaintiff." *Id.* (quoting *Bianculli v. Turner Constr. Co.*, 640 A.2d 461, 465 (Pa. Super. 1994) (emphasis added)); *see also* 42 Pa.C.S.A. § 8324(b) (tortfeasor not entitled to contribution until he has paid judgment or has

paid more than his pro rata share thereof).

Plaintiffs argue that a contribution claim is proper at this time despite the fact that they have not been held liable in related action. In support of this contention, plaintiffs cite to several cases. All of these cases, however, are inapposite, as they each involve claims for contribution brought against a party that was either part of the underlying action or was in the process of being joined as an additional defendant in that action. *Falciani v. Phila. Transp. Co.*, 189 F.Supp. 203 (E.D. Pa. 1960), involved a contribution claim where both defendants were already parties to the underlying tort action. The court noted that a conditional judgment could be entered to allow for an expedited resolution of a contribution claim between the two defendants in the event that both were found liable in the underlying action. *Id.* at 204. This is not analogous to the instant case because, as discussed above, defendants are not parties in related action.

In *Trustees of the Int'l Bhd. of Elec. Workers Local 98 Pension Plan v. Aetna Cas. & Sur. Co.*, No. CIV.A. 97-7407, 1998 WL 614769, *1 (E.D. Pa. Sept. 14, 1998), a defendant in the underlying action filed a complaint seeking contribution and indemnity against a third-party defendant pursuant to Federal Rule of Civil Procedure 14, the federal equivalent of Pennsylvania Rule of Civil Procedure 2252. Because the third-party defendant was timely joined as an additional defendant, the court held that the contribution claim was not premature. *Id.* at *2. Plaintiffs interpret this holding to establish that "a

party need not await the outcome of [a] plaintiff's claim against it before it asserts its own third-party claim for contribution." (Pl.'s Reply Brief at 4.) As noted above, however, the court's decision was made in the context of a timely joinder of an additional defendant in the underlying action. Where, as here, a timely joinder has not occurred, a defendant may not bring a contribution claim against a third party before being held liable because allowing the same could result in a situation where the contribution action progresses only to have the underlying action resolve in favor of the party seeking contribution, rendering the contribution claim moot. This concern is not present where a timely joinder has occurred, as the liability of the defendant and the additional defendant are adjudicated in the same case.[2]

Plaintiffs also cite to *Hileman v. Morelli*, 605 A.2d 377 (Pa. Super. 1992), for the proposition that their contribution claim is not premature. In *Hileman*, a decedent's estate brought an action against the estate of a physician and a hospital. *Id.* at 319. The trial court permitted the plaintiff to discontinue the claim against the hospital, leaving the physician's estate as the only defendant. *Id.* at 320. On appeal, the Superior Court held that, because the statute of limitations had expired, the trial court improperly permitted the discontinuance, because it extinguished the physician's

---

2. The court notes that even if they were relevant, as federal district court cases, Falciani and Trustees are not binding on this court. *Chiropractic Nutritional Assocs., Inc. v. Empire Blue Cross & Blue Shield*, 669 A.2d 975, 980 (1995) ("[D]ecisions of the federal courts lower than the United States Supreme Court are not binding on Pennsylvania courts.").

estate's right to claim that the hospital was solely liable to the plaintiff in a joinder complaint and would limit the claims in such a complaint to contribution or indemnity. *Id.* at 382-86. Thus, *Hileman*, like the other two cases cited by plaintiffs, dealt with a contribution claim asserted in the underlying action brought by the plaintiff, not an independent contribution action by a defendant against a third party not named in the plaintiff's complaint. In fact, *Hileman* runs contra to plaintiffs' argument that their contribution claim is not premature when it states that "[t]he claim of the original defendant for contribution or indemnity is the original defendant's own separate cause of action *which does not even arise until he has been held liable to plaintiff.*" *Id.* at 382 (emphasis added).

For all of the above reasons, the pleadings demonstrate that there is no genuine issue of fact and that plaintiffs have not established a right to contribution against defendants at this time.

WHEREFORE, the court enters the following:

## ORDER OF COURT

And now, this 11th day of December, 2014, "defendants, Lynette Leendertz's and Stephanie Rodriguez's motion for judgment on the pleadings pursuant to Pennsylvania Rule of Civil Procedure 1034," filed on August 11, 2014, is hereby granted. Judgment is hereby entered in favor of defendants and against plaintiffs. The judgment is without prejudice with regard to plaintiffs' claim for contribution.