Justice CASTILLE joins this dissenting statement.

**David URBANO, on His Own Behalf and on Behalf of all those Similarly Situated, Appellant**

v.

**STAT COURIER, INC., a Pennsylvania Corporation, Statrans Delivery System, Inc., a Pennsylvania Corporation, Bruce Tomczak and all other Officers and Directors of Stat Courier, Inc. and Statrans Delivery System, Inc., Appellees.**

Superior Court of Pennsylvania.

Argued Feb. 8, 2005.

Filed May 23, 2005.

Reargument Denied July 29, 2005.

Michael J. Bruzzese, Pittsburgh, for appellant.

Ronald L. Hicks, Jr., Pittsburgh, for appellees.

Before: DEL SOLE, P.J., JOYCE and TAMILIA, JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 This is an appeal from an order granting Appellees' motion for judgment

on the pleadings and dismissing Appellant's class action complaint. The complaint alleged that Appellees violated the Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.* (WPCL), and sought damages for breach of contract as well as an accounting based on the contention that Appellant and other members of the class were employees of the Appellees and were improperly treated as independent contractors. The trial court, from its review of the pleadings, concluded that Appellant's claim could not proceed. We reverse in part and remand this matter for further proceedings.

¶ 2 Appellant's complaint named as defendants Appellees, STAT Courier, Inc. (STAT), STATRANS Delivery System Inc. (STATRANS), Mark Pulford,[1] Bruce Tomczak, and all other officers and directors of the two named companies. The Appellee-companies engage in courier delivery services for the medical and business community. The complaint alleged that Appellant, along with members of the class, was a driver and delivery person employed by Appellees, and was required to sign a Driver and Equipment Lease Agreement and related written agreements and acknowledgements as a condition of employment. These documents identified Appellant as an independent contractor. The complaint further stated that the relations between Appellees and the members of the class were really one of employer-employee. It provided an enumerated list of instances as evidence of such a relationship including the manner of pay and control, and the fact that Appellant and other members of the class were named as employees under a policy of workers' compensation insurance. The complaint alleged that Appellees improper-

ly breached certain obligations owed to employees by improperly considering them independent contractors.

¶ 3 Appellees later filed an answer and new matter to the complaint. Therein, they denied that they had committed any violations of the WPCL or breached any contract and contended that they had compensated drivers and delivery persons in accordance with the terms of their written contracts. In their new matter, which was endorsed with a notice to plead, Appellees alleged that STATRANS was not a party to any signed agreements and that it was not mentioned or otherwise identified as a party or signatory in any of the documents attached to Appellant's complaint. It further alleged that no payment or compensation for Appellant's services was ever made by STATRANS. Regarding the contracts, the new matter stated that Appellant and the other members of the class were adult individuals who voluntarily signed the agreements after reading and understanding the terms set forth therein. The new matter set forth language found in those agreements indicating that the drivers operate as independent contractors and not as employees of STAT.

¶ 4 Appellant failed to reply to the new matter and thereafter Appellees filed a motion for judgment on the pleadings. The trial court granted Appellees' motion, dismissing Appellant's complaint.

¶ 5 It is proper to grant a motion for judgment on the pleadings only where the pleadings demonstrate that no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law. *Consulting Eng'rs, Inc. v. Insurance Co. of N. America,* 710 A.2d 82, 83–84 (Pa.Super.1998). "Thus, in reviewing a trial

---

1. On February 19, 2003, upon Appellant's motion, Mr. Pulford was dismissed as a defendant by order of court.

court's decision to grant judgment on the pleadings, the scope of review of the appellate court is plenary; the reviewing court must determine if the action of the trial court is based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury." *Id.*

¶ 6 In reviewing Appellees' motion the trial court first found that Appellant had stated no cause of action against STATRANS. It noted that the parties to all the agreements at issue were identified only as Appellant and STAT, and that STATRANS was not mentioned or identified in the documents. The trial court further noted that the agreement specifically stated that Appellant would be paid by STAT. Because the pleadings did not allege facts to establish that Appellant had been aggrieved by the workplace practices of STATRANS, the trial court found he could not individually, or on behalf of members of a class, maintain an action against STATRANS.

¶ 7 We find no reason to disturb the trial court's ruling dismissing Appellant's claims against STATRANS. As the trial court noted, Appellant's complaint alleged no facts regarding a relationship with STATRANS. Although Appellant now claims that he could have been considered an at-will employee of STATRANS without a written employment contract, the complaint set forth no such allegations. Rather, it attached employment documents which do not identify STATRANS as a party to the agreements. Further, Appellees' assertions set forth in their new matter indicate that Appellant never received any compensation or other payment from STATRANS for his services during his tenure as a driver/delivery person. This statement is deemed as admitted as Appellant failed to reply to the new matter in a timely fashion and only issued a response

after the pleadings were closed and Appellees filed a motion for judgment on the pleadings. *See* Pa.R.C.P. 1026(a) and 1034. On these facts we agree with the trial court's conclusion that Appellant's claims against STATRANS cannot proceed.

¶ 8 The trial court also found that Appellant's claims against STAT could not go forward because it determined, as a matter of law, that Appellant's status with STAT was as an independent contractor and as such he and other class members were not subject to the provisions of the WPCL which applies strictly to employees. In determining whether a relationship is one of employer-employee or independent contractor:

> ... the basic inquiry is whether such person is subject to the alleged employer's control or right to control with respect to his physical conduct in the performance of the services for which he was engaged. The hallmark of an employee-employer relationship is that the employer not only controls the result of the work but has the right to direct the manner in which the work shall be accomplished; the hallmark of an independent contractee-contractor relationship is that the person engaged in the work has the exclusive control of the manner of performing it, being responsible only for the result.

*Valles v. Albert Einstein Med. Ctr.,* 758 A.2d 1238, 1244 (Pa.Super.2000).

¶ 9 Where the sole evidence of the relationship between the parties is found in an agreement and where the terms of the agreement are not in dispute, it is the function of the court, not the jury, to determine the relationship between the parties. *Green v. Independent Oil Co.,* 414 Pa. 477, 201 A.2d 207, 210 (1964). The trial court ruled that the pleadings did not

dispute the validity of the documents signed at the beginning of the relationship and they established Appellant's status as an independent contractor. The trial court noted that the agreement and related documents signed by Appellant specifically and repeatedly referred to those performing the delivery services as "independent contractors." The court quoted language in the agreements whereby the parties stated they agreed that Appellant and fellow members of his class would be independent contractors and, as such, they would have discretion to operate deliveries as they decided and to accept or reject any request by STAT to perform. Also quoted was language on the contractor information sheet which advised that the applicant was applying for a position as an independent contractor and noted that the applicant would not be an employee of STAT. Because no claim for fraud or duress was made and because there was no dispute in the pleadings that Appellant and the members of class were all adult individuals who voluntarily and knowingly executed these documents, the trial court ruled that the documents were valid and established Appellant's position as an independent contractor.

¶ 10 The fault with the trial court's analysis is in its failure to recognize that evidence of the parties' relationship is not solely found in the agreements. Admittedly, the agreements identified Appellant as an independent contractor; however, Appellant's complaint alleged additional facts found outside the agreements. "[A]n agreement of the parties to a designation of their relationship that is contrary to the employer/employee relationship established otherwise is unavailing to effect a change." *Nevin Trucking v. Workmen's Compensation Appeal Bd.,* 667 A.2d 262 (Pa.Commw.1995). While the terms of the agreement are relevant when identifying whether an employee/employer relationship exists, it is just one of the criteria to be utilized. *Id.*

¶ 11 Appellant alleged in the complaint that Appellees directed and controlled the manner and method of the drivers' activities and performance during the workday. The complaint contained allegations that Appellees supplied Appellant and the members of the class with the vehicles and tools utilized by them in the course of their work and required them to dress in a uniform identifying them as a STAT and/or STATRANS representative. The complaint also contained allegations that Appellant and members of the class were named as employees under a policy of workers' compensation insurance obtained by Appellees and that Appellees paid them according to the number of hours worked per day. These specific claims were denied by Appellees, therefore the facts remain in dispute.

¶ 12 In this instance where the evidence of the parties' relationship is not alleged to be based solely on the agreement, it was an error for the trial court to view that agreement as controlling evidence of the parties' relationship. *Contrast Green,* 414 Pa. 477, 201 A.2d 207 (ruling that the interpretation of the parties' relationship turned on an interpretation of the contract where there was no evidence that any instructions or suggestions or other matter of control were exercised). Accordingly, the disputed facts, along with evidence of the parties' written agreement, are for the jury to consider when resolving the ultimate question of whether an employee/employer relationship existed as alleged by Appellant.

¶ 13 The trial court additionally ruled that Appellant's breach of contract claim and request for accounting against STAT could not proceed because Appellant did not allege that he or any members of

the class disputed the amount of their compensation in writing within 30 days, as required under the terms of the Driver and Equipment Lease Agreement signed by parties. The trial court's ruling, however, fails to take into consideration that Appellant's status as either an employee or as an independent contractor has not been determined. If he and members of his class establish that they were employees, they are subject to the protections of the WPCL. It provides: "No provision of this act shall in any way be contravened or set aside by a private agreement." 43 P.S. § 260.7. Thus, at this stage of this case, the provisions of the agreement cannot be found to be binding.

¶ 14 Accordingly, we find the trial court improperly granted Appellees' request for judgment on the pleadings with respect to all claims against STAT. We further rule that the trial court's dismissal of all claims set forth by Appellant against STATRANS was proper.

¶ 15 Order affirmed in part, reversed in part. Case remanded. Jurisdiction relinquished.