642 A.2d 1096

**Jack GORDON and Sara Gordon, His Wife, Arnold Gordon and Ruth Schachter, Appellees,**

**v.**

**Barry B. SOKOLOW and Louis R. Salamon, Appellees,**

**v.**

**EMPIRE PROPERTIES, INC., and William P. Nolan, Jr. (Two Cases)**

**Appeal of Louis R. SALAMON, Appellant.**

**Appeal of Barry B. SOKOLOW, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 3, 1994.

Filed May 26, 1994.

Sandra L. Lannis, Pittsburgh, for Salamon.

Dennis J. Roman, Pittsburgh, for Sokolow.

Scott D. Cessar, Pittsburgh, for Empire Properties and Nolan.

Before DEL SOLE, FORD ELLIOTT and MONTGOMERY, JJ.

DEL SOLE, Judge.

This is an appeal by Barry B. Sokolow, Esquire and Louis R. Salamon, Esquire (appellants) from an Order entered by the Court of Common Pleas of Allegheny County, granting the additional defendants' (Empire Properties, Inc. and William Nolan, Jr./appellees) Motion to Strike the Complaints to Join filed by original defendants. We reverse and remand.

Two issues have been raised for our review: (1) whether the trial court erred by granting the additional defendants' motion to strike the complaint to join additional defendants since joinder is permissible pursuant to Pa.R.C.P. 2252(a); and (2) whether the trial court abused its discretion by refusing to grant Attorney Sokolow an opportunity to amend his complaint to join additional defendants.

Jack and Sara Gordon, Arnold Gordon and Ruth Schachter, plaintiffs below, initiated a legal malpractice action against Attorneys Sokolow and Salamon. Plaintiffs alleged in their complaint that appellant Sokolow had been retained by them to represent their interests in connection with negotiations for the sale of property they owned, to Empire Properties, Inc. In June 1988, Attorney Sokolow received Empire's draft of a proposed Agreement of Sale. He was to review this agreement and advise the sellers about revisions necessary to protect their interests. In a letter to Jack Gordon,[1] Attorney Sokolow suggested revisions and amendments to the draft Agreement. Attorney Sokolow also notified William Nolan, president of Empire Properties, Inc., by letter, requesting additional language be inserted in paragraph 24 of the Agreement. Attorney Sokolow was aware that Empire Properties, through its agent, would prepare the final Agreement of Sale to be executed by Plaintiffs and Empire. Plaintiffs now claim that Attorney Sokolow did not request a copy of the final draft nor did he ask to be read any additional language of the final Agreement prior to execution by Jack Gordon.

1. Jack Gordon had been given a Power of Attorney by the other plaintiffs to act on their behalf in the real estate transaction.

During a meeting on June 24, 1988, at Gordon's home with the president of Empire, Gordon telephoned Attorney Sokolow at his law office twice regarding the real estate transaction. That same day, Jack Gordon and William Nolan signed the Agreement of Sale. Later, when Empire Properties, Inc. could not obtain mortgage financing, it informed the plaintiffs in a letter dated December 27, 1989 that it declared its intention to purchase the property null and void. Attorney Sokolow then suggested that plaintiffs retain the services of Attorney Salamon for advice relative to the ability of Empire Properties, Inc. to declare the Agreement of Sale null and void, and to explore the feasibility of extending owner/seller financing to Empire Properties, Inc. Thereafter Sokolow and Salamon advised the plaintiffs to extend to Empire Properties, Inc. seller financing as set forth in paragraph 24 of the Agreement of Sale. Plaintiffs extended the offer of purchase money financing to Empire Properties. At the time that such offer of financing was made, paragraph 24 of the Agreement of Sale contained the following language: "any purchase money mortgage shall be subordinate to a development loan."

Plaintiffs contend that they were unaware that the subordination language was contained in paragraph 24 of the Agreement of Sale. Empire Properties, Inc. accepted the offer of financing and demanded that any purchase money mortgage would be subordinate to a development loan secured by Empire Properties, Inc. The complaint alleges that only after being apprised of this demand did Sokolow and Salamon read the Agreement of Sale and advise the Plaintiffs not to close on the transaction, but rather to institute legal action against Empire Properties, Inc. for fraud and breach of contract. Empire Properties commenced a lawsuit against the Plaintiffs seeking specific performance and money damages. Plaintiffs retained other counsel and counterclaimed against Empire. Eventually, following extensive discovery and court conciliations, Empire's action and plaintiffs' counterclaim were resolved by Consent Order.

Plaintiffs subsequently initiated this action alleging professional negligence against Attorney Sokolow for his failure to

request a copy of the final draft of the Agreement of Sale for review, for not ensuring that subordination language was kept out of the Agreement before it was executed by Jack Gordon, for failing to appear at the closing where the Agreement of Sale was executed, for providing additional advice relative to Empire's declaration that the Agreement was null and void when Attorney Sokolow did not have a copy of the Agreement, and for advising Plaintiffs to extend a purchase money mortgage when the contract contained subordination language. As a direct consequence of this negligence, plaintiffs contend that they were required to pay Empire Properties, Inc. $200,000 to release its claims to the property under the Agreement of Sale, and they incurred Attorney's fees in defense of their interest in the amount of $125,000. Plaintiffs believe that had they received proper legal advice, they only would have sustained a loss of $25,000. The complaint charges Attorney Salamon with similar professional negligence, as to the post-December 27, 1989 events only, and seeks the same damages.

Attorney Sokolow alleged in the Complaint to Join Additional Defendants, Empire Properties, Inc. and William Nolan, that plaintiff provided Empire and Nolan with a copy of Attorney Sokolow's letters specifying changes and additions to the proposed Agreement of Sale. At a meeting between plaintiff, Sokolow and Nolan two days before the Agreement of Sale was executed, additional defendant Nolan did not object to any of the revisions proposed by Sokolow, including the mortgage contingency and purchase money mortgage option, and no additional subordination language was ever discussed or requested by Nolan. Sokolow alleged that Nolan, acting on behalf of Empire, agreed to the final Agreement of Sale as the parties had previously discussed. At the meeting at plaintiff Jack Gordon's house on June 24, 1988, Nolan brought the Agreement of Sale and Gordon read and reviewed the document to verify that the revisions were made that Attorney Sokolow specified through discussion and letters and to ensure that no other changes were made. Nolan represented to plaintiff Jack Gordon that the Agreement of Sale was identical to the language previously specified and approved by

Attorney Sokolow and that nothing further was inserted into the agreement. The parties then executed the Agreement of Sale.

Sokolow's Complaint alleges that Empire and Nolan were under a duty to disclose any changes, including the subordination language, to the agreement. Further, if plaintiffs sustained any damages, then the damages are a direct result of fraud, intentional and/or negligent misrepresentations and/or non-disclosures, and breach of contract by additional defendants, Empire and Nolan. Sokolow contends that additional defendants, Empire and Nolan, are solely liable to plaintiffs, but, if it is determined that plaintiffs are entitled to recover and that he is liable in any way, then additional defendants are jointly and severally liable with, liable to or over to him for contribution and/or indemnity. Attorney Salamon filed a similar Complaint to Join Additional Defendants.

Additional defendants, Empire Properties, Inc. and William Nolan, filed preliminary objections in the form of a Motion to Strike Complaint to Join for Misjoinder of Cause of Action in response to both of the Complaints to Join filed by Attorney Sokolow and Attorney Salamon. The additional defendants asserted that the causes of action brought by Sokolow and Salamon were unrelated to, and arise from a different factual basis than the Attorney malpractice suits brought against them by the plaintiffs and therefore joinder is improper and the Complaints should be stricken. The preliminary objections were granted and the Complaints to Join stricken.

When determining whether preliminary objections have been properly sustained, this appellate court must consider as true all of the well-pleaded material facts set forth in appellant's complaint and all reasonable inferences that may be drawn from those facts. *Bower v. Bower,* 531 Pa. 54, 611 A.2d 181 (1992).

Appellants submit that joinder of the additional defendants, Empire Properties and William Nolan, is permissible pursuant to Pa.R.C.P. 2252(a)(1)–(4) which states:

(a) Except as provided by Rule 1706.1, any defendant or additional defendant may join as an additional defendant any person, whether or not a party to the action, who may be

(1) solely liable on the plaintiff's cause of action, or

(2) liable over to the joining party on the plaintiff's cause of action, or

(3) jointly or severally liable with the joining party on the plaintiff's cause of action, or

(4) liable to the joining party on any cause of action arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

Pa.R.C.P. 2252, 42 Pa.C.S.A.

■ The rule permitting the joinder of additional defendants is to be broadly construed to effectuate its purpose of avoiding multiple lawsuits by settling in one action all claims arising out of the transaction or occurrence which gave rise to the plaintiff's action. *Svetz for Svetz v. Land Tool Co.*, 355 Pa.Super. 230, 513 A.2d 403, 405 (1986), *alloc. denied*, 515 Pa. 584, 527 A.2d 544 (1987). "However, joinder is permitted only as long as the additional defendant's alleged liability is related to the claim which the plaintiff asserts against the original defendant." *Olson v. Grutza*, 428 Pa.Super. 378, 631 A.2d 191, 197 (1993), *quoting, Samango v. Pileggi*, 363 Pa.Super. 423, 526 A.2d 417 (1987), *appeal denied*, 517 Pa. 624, 538 A.2d 877 (1987). Where the joining defendants allege joinder on the basis that the additional defendants were (1) alone liable to the plaintiff; (2) that additional defendants were jointly or severally liable with appellant, i.e, for contribution; or (3) that additional defendants were liable over to the joining defendants by way of indemnification, pursuant to § 2252(a)(1)–(3), "the only substantive limitation placed upon the right to join an additional defendant on any of these grounds is that liability must be premised upon the same cause of action alleged by the plaintiff in his or her complaint." *Svetz v.*

*Land Tool Co.*, 513 A.2d 403, 404–05. See: Goodrich–Amram 2d 7 § 2252(a):5.

The phrase "cause of action" has been broadly defined as the harm of which the plaintiff complains. *Hileman v. Morelli*, 413 Pa.Super. 316, 605 A.2d 377 (1992). However, the phrase "cause of action" as used in Rule 2252 should not be construed too literally, rather our supreme court only required that the "additional defendant's liability [be] related to the original claim which plaintiff asserts against the original defendant." *Somers v. Gross*, 393 Pa.Super. 509, 514, 574 A.2d 1056, 1058 (1990), *quoting, Incollingo v. Ewing*, 444 Pa. 263, 290, 282 A.2d 206, 220 (1971). We should keep in mind that joinder of additional defendants is not permitted where allegations contained in the original complaint and allegations contained in the joinder complaint relate to different harms to be proven with different evidence as to different occurrences happening at different times. *Olson v. Grutza, supra.*

The plaintiffs in the original complaint commenced the action against appellants for legal malpractice. The appellant Attorneys in turn allege in their complaint to join additional defendants that Empire and William Nolan committed fraud or intentionally and/or negligently misrepresented the contents of the Agreement of Sale to plaintiffs. The plaintiffs' action alleged failure to provide proper legal advice; whereas the joinder complaint alleged failure to disclose changes in the contract. The claims raised in the joinder complaint are separate from the plaintiff's cause of action against the Attorneys for professional negligence.

The trial court relied on *Schladensky v. Ellis*, 442 Pa. 471, 275 A.2d 663 (1971) and *American Metal Fabricators Co. v. Goldman*, 227 Pa.Super. 284, 323 A.2d 891 (1974) in support of its order striking the Complaints to Join Additional Defendants; however, these cases are distinguishable from the case *sub judice.*

*Schladensky* and *Goldman* have been analyzed in the context of whether an action against a negligent attorney is separate, distinct and independent from the underlying cause

of action on which the attorney was hired to act for the client, and these cases held that the underlying cause of action is not a proper subject matter for a joinder complaint brought by a negligent attorney sued by his client. See *Brennan v. Reed, Smith, Shaw & McClay,* 304 Pa.Super. 399, 450 A.2d 740 (1982). In *Schladensky, supra,* the plaintiffs were injured while working when a hydraulic lift malfunctioned. The plaintiffs retained Attorney Ellis to sue the manufacturer and seller of the lift. Ellis failed to timely institute the actions. The plaintiffs sued Ellis and Ellis caused writs to issue joining the manufacturer and seller alleging negligence in placing the defective product on the market and breach of warranties which would render them liable for plaintiffs' injuries.

Our supreme court held that the plaintiffs' actions against their attorney (original defendant) are based on the attorney's failure to exercise reasonable care and diligence in the use of his skill as an attorney, and in applying his knowledge to his client's case. The attorney did not argue that the additional defendants were responsible for his failure in that regard or that they obstructed his timely prosecution of the plaintiff's case against the additional defendants. The court concluded that the negligent conduct that Ellis alleged against additional defendants was not equivalent to the malpractice that the plaintiff's asserted against him. The court decided that the unamended version of Rule 2252 applied and stated that "the cause of action on which the original defendant may bring in an additional defendant must still be the cause of action declared on by the plaintiff in the action against the original defendant." *Id.* 218 Pa.Super. 808, 275 A.2d at 665. It was therefore required that the original defendant's complaint against the additional defendants had to be related in substance to the complaint plead by the plaintiff and arise from the same factual scenario. The court further opined that

> [E]ven if we were to assume that the amended version of Rule 2252(a) of the Pa.R.Civ.P. applied, it would profit Ellis nothing. The amendment now also permits joinder if the additional defendant is or may be liable to the joining party on a cause of action arising out of the transaction or

occurrence upon which the plaintiff's cause of action is based.[2] Herein Ellis has failed to plead any facts giving rise to an independent cause of action on his part against Lift–O–Loft or Mobile.

442 Pa. 471, 472, 275 A.2d 663, 664.

The difference between the instant case and *Schladensky* is that the actions by the plaintiffs against Attorney Ellis in *Schladensky* were based upon his failure to use reasonable care and diligence as an attorney in their case. Ellis did not allege that additional defendants were the cause of his failure to use his skill as an attorney, nor did he claim that they hindered his ability to commence the law suits on behalf of the plaintiffs against additional defendants. Since the negligent conduct that Ellis asserted against the additional defendants was distinct from that which the plaintiffs had charged Ellis, the court determined that joinder was improper under the unamended Rule 2252(a) which permitted joinder only on the cause of action declared by the plaintiff in the action against the original defendant where the joining party is solely liable to plaintiff, liable over to the joining party on plaintiff's action, or jointly or severally liable with the joining party on the plaintiff's action.

*Schladensky* held that even if amended Rule 2252 applied, it would not be helpful to Attorney Ellis because he *"failed to plead any facts giving rise to an independent cause of action on his part against Lift–O–Loft or Mobile."* 442 Pa. 471, 475, 275 A.2d 663. In contrast, Attorneys Sokolow and Salamon are arguing that the fraudulent conduct of Empire and Nolan affected their ability to properly advise their clients. Sokolow and Salamon have attempted to plead facts that would sustain a fraud or intentional and/or negligent misrepresentation action against additional defendants, Empire and Nolan. Joinder would be permitted on this independent cause of action under Rule 2252(a)(4) because that section allows joinder of a party who may be liable to the original defendant on any cause

**2.** This language is currently set forth at Pa.R.Civ.R. 2252(a)(4).

of action arising out of the transaction or occurrence upon which the plaintiff's action is based.

This court's analysis in *Goldman, supra.*, which relied on *Schladensky,* is inapposite as well. In *Goldman,* plaintiffs brought suit against their attorneys to recover damages which resulted from the attorneys' failure to apprise plaintiffs of a defect in the title of land that they purchased. The attorneys failed to discover that a prior violation of a local ordinance by the sellers created a cloud on the title. The defect in the title forced plaintiffs to suspend its manufacturing operations on the purchased land. The attorneys joined the sellers of the land alleging that if plaintiffs were damaged, the negligence of the additional defendants in violating the ordinance and not notifying the plaintiffs or defendant attorneys caused the harm. The attorneys asserted that as a result of additional defendants' negligence, the sellers were either solely liable to the plaintiff or liable over to the plaintiff or jointly and severally liable with the defendants to the plaintiff. We relied upon *Schladensky* and held that Rule 2252(a) precludes joinder of the additional defendants because the attorneys' joinder complaint did not arise out of the cause of action declared upon by the plaintiff.

With respect to the amended section of Rule 2252(a) which allows joinder if the additional defendant may be liable to the joining party on any cause of action arising out of the transaction upon which the plaintiff's cause of action is based, we determined that it would be futile to grant the attorney defendants leave to amend their joinder complaint on remand so that they could allege the additional defendant's liability to them for misrepresentation because, under the 1969 amendment of Rule 2252(a), they are still required to plead a valid cause of action and no valid cause of action was alleged against the additional defendants. *Goldman.* The complaint to join alleged that the additional defendants failed to notify the original defendant of the existence of the cloud on the title to the land purchased by plaintiffs. For this failure to be considered a valid cause of action, the additional defendants would have to be under an affirmative duty to reveal the

existence of the defect on the title. Generally, neither buyer nor seller is under a duty to disclose material information in the absence of a positive misrepresentation or act of concealment. The buyer of property may maintain an action in deceit when the seller intentionally or negligently conceals defects in the title when he knows that the purchaser is unaware of the defects, however, such a right does not attach to the agent-attorney of the purchaser when the agent suffers a loss in reliance on the non-disclosure or concealment. *Goldman.* We commented further that it would be inappropriate to hold that attorneys may justifiably rely upon the representations of a layman as to his ability to convey a good title, especially where a title search would inform the attorney otherwise. Quoting Professor Prosser we stated:

[O]ne who has special knowledge, experience and competence may not be permitted to rely on statements for which the ordinary man might recover, and.... one who has acquired expert knowledge concerning the matter dealt with may be required to form his own judgment, rather than take the word of the defendant.

*Goldman,* 227 Pa.Super. 284, 289, 323 A.2d 891, 894.

The underlying transactions in *Goldman* and in the case before us both involve realty transfers. However, in *Goldman,* we stated that an attorney could not rely on the representations of a lay person regarding the ability to convey a good title especially where a title search would inform the attorney otherwise. In our case, Sokolow and Salamon assert that their advice to plaintiffs was based upon positive misrepresentations by Empire and Nolan that the language in the Agreement of Sale contained only the revisions authorized by Attorney Sokolow after he reviewed the document. In the joinder complaint, Sokolow alleges that these proposed changes to the Agreement of Sale did not include subordination language of the purchase money mortgage. Unlike the *Goldman* case where the vendor was not under a duty to disclose the existence of a cloud on the title to property, in the present case, if the original defendants can prove that additional defendants made a positive misrepresentation with re-

spect to material information, upon which they justifiably relied, then this would be a valid cause of action which can and should be joined pursuant to Rule 2252(a)(4). See *Farland v. T & T Fishing Corp.,* 682 F.Supp. 700 (D.R.I.1988), aff'd, 907 F.2d 142 (1st Cir.1990) (An attorney for eight injured seamen elected not to intervene in an action brought by the ship's owner against his insurer because the owner assured him that the seamen's claims would be paid out of a settlement; when the seamen were not paid, they successfully sued the owner for fraud and the settlement was voided. The court stated that the plaintiff's attorney, acting in his capacity as agent for the plaintiffs, had justifiably relied on the defendant's material misrepresentations when he decided not to intervene in the state action and when he failed to carefully monitor the progress of the settlement negotiations).

*Schladensky* and *Goldman* do not stand for the overbroad proposition as cited in the trial court's opinion, and the court went beyond those cases in its conclusion that "joinder of a third party by an attorney on grounds of fraud or misrepresentation as to such matters will never be permitted in Pennsylvania." (Trial ct. op. 8–3–93 at 11). In *Goldman,* the reason that joinder was not permitted was because an attorney could never plead a *valid* cause of action that he justifiably relied upon the representations of a layman instead of performing a title search. Determining whether a title is clear is within the special knowledge, experience and competence expected of an attorney. On the other hand, the attorneys in our case would not have special knowledge where the other party to an agreement made positive misrepresentations of fact about a clause in a contract that the parties never discussed or agreed upon. Having reviewed the complaints to join additional defendants we conclude that they are sufficient to state a cause of action against the additional defendants to permit joinder.

The underlying transaction involved the sale of real estate and the contract for that sale. It is claimed that the additional defendants misrepresented a clause in the agreement and based on this misrepresentation, there was reliance by the

parties. The nature of this misrepresentation was not such that a lawyer could not rely. Therefore, the trial court erred in granting the preliminary objection of the additional defendants.

Order reversed, case remanded. The additional defendants are given 30 days following receipt by the trial court of the original record to answer the complaint to join. Jurisdiction relinquished.