**First National Bank of Pennsylvania v. Kelly**

522

*Daniel J. Birsic* and *Joseph A. Fidler,* for plaintiffs.
*P. Raymond Bartholomew,* for defendants Kelly.
*James W. Manolis,* for additional defendants Mace.

PICCIONE, *J.,* January 11, 2010—Before this court for disposition are the additional defendants' preliminary objections to the defendants' complaint. The current action arose out of a guaranty agreement between First National Bank of Pennsylvania, successor by merger to the First National Bank of Slippery Rock (plaintiff) and Timothy S. Kelly and Sharon L. Kelly (defendants). In the guaranty dated May 24, 2002, the defendants agreed to assume all of the obligations of K & M Feeds Inc. to the plaintiff. On December 1, 2008, the plaintiff filed a

complaint alleging that the defendants were in default under the guaranty and that the defendants owed $313,781.36 to the plaintiff.

On July 2, 2009, the defendants filed their complaint joining additional defendants. In it, the defendants allege that, together with Carl V. Mace and Cindy A. Mace (additional defendants), they became involved with K & M in December of 1995. Several years later, the additional defendants agreed to purchase the defendants' shares in K & M for $40,000. A promissory judgment note and an agreement fixing the buyout price were signed on January 1, 2002. According to the complaint, the defendants then entered into the guaranty agreement with the plaintiff because they recognized that K & M would need financing. In April of 2004, the defendants transferred their stock in K & M to the additional defendants in exchange for the additional defendants' oral promise that the defendants would be released from any obligations related to K & M. The defendants allege that they detrimentally relied upon the additional defendants' promise and that the additional defendants are responsible for K & M's debt to the plaintiff.

On August 17, 2009, the additional defendants filed the following preliminary objections to the defendants' complaint: (1) misjoinder of a cause of action; (2) legal insufficiency of a pleading; and (3) insufficient factual specificity. Oral argument regarding the preliminary objections was held before this court on October 26, 2009.

Under Rule 1028 of the Pennsylvania Rules of Civil Procedure, any party may file preliminary objections to

any pleading, and the specific grounds on which such preliminary objections may be based are elucidated in the express language of the Rule. Pa.R.C.P. 1028. Rule 1028 requires that all preliminary objections specifically state the grounds upon which they relied. *Foster v. Peat Marwick Main & Co.,* 18 Pa. Commw. 147, 156, 587 A.2d 382, 386 (1991).

In their first preliminary objection, the additional defendants assert that joinder was improper in these proceedings. "A person not previously a party who is joined as an additional defendant may object to the joinder by filing preliminary objections asserting prejudice or any other grounds set forth in Rule 1028." Pa.R.C.P. 2253(c). Rule 2252 governs the right to join additional defendants and provides, in pertinent part:

"(a) Except as provided by Rule 1706.1, any party may join as an additional defendant any person not a party to the action who may be

"(1) solely liable on the underlying cause of action against the joining party, or . . .

"(4) liable to or with the joining party on any cause of action arising out of the transaction or occurrence or series of transactions or occurrences upon which the underlying cause of action against the joining party is based." Pa.R.C.P. 2252(a).

This rule is to be "broadly construed to effectuate its purpose of avoiding multiple lawsuits by settling in one action all claims arising out of the transaction or occurrence on which [the] plaintiff's cause of action is based."

*Garrett Electronics Corporation v. Kampel Enterprises Inc.,* 382 Pa. Super. 352, 354, 555 A.2d 216, 217 (1989). Courts have favored the policy of broadly interpreting Rule 2252 "not only to compel every interested person to defend the action by the plaintiff, but also to save the original defendant from possible harm resulting from loss of evidence as might result if compelled to await the end of the suit before proceeding against those from whom he seeks contribution." *Hileman v. Morelli,* 413 Pa. Super. 316, 325, 605 A.2d 377, 382 (1992).

"[J]oinder of additional defendants is not permitted where allegations contained in the original complaint and allegations contained in the joinder complaint relate to different harms to be proven with different evidence as to different occurrences happening at different times." *Gordon v. Sokolow,* 434 Pa. Super. 208, 215, 642 A.2d 1096, 1100 (1994).

"Where the joining defendants allege joinder on the basis that the additional defendants were (1) alone liable to the plaintiff; (2) that additional defendants were jointly or severally liable with appellant, *i.e.,* for contribution; or (3) that additional defendants were liable over to the joining defendants by way of indemnification, pursuant to section 2252(a)(1)-(3), 'the only substantive limitation placed upon the right to join an additional defendant on any of these grounds is that liability must be premised upon the same cause of action alleged by the plaintiff in his or her complaint.'" *Gordon,* 434 Pa. Super. at 214, 642 A.2d at 1099 (citing *Svetz for Svetz v. Land Tool Co.,* 355 Pa. Super. 230, 235, 513 A.2d 403, 404-405 (1986)).

"The same cause of action alleged by the plaintiff" has been broadly construed as requiring only that the "additional defendant's liability [be] related to the original claim which plaintiff asserts against the original defendant." *Gordon,* 434 Pa. Super. at 215, 642 A.2d at 1099 (citing *Somers v. Gross,* 393 Pa. Super. 509, 514, 574 A.2d 1056, 1058 (1990)).

The additional defendants argue that their purported liability to the defendants is not sufficiently related to the plaintiff's claim against the defendants; however, a "defendant's cause of action against an indemnitor, although not the same cause of action alleged by the plaintiff, is related to it." *Fulmer v. Duquesne Light Company,* 374 Pa. Super. 537, 542, 543 A.2d 1100, 1102 (1988). Because the additional defendant's liability depends on whether the defendant is held liable to the plaintiff, it can be said that the joinder claim arises from the same occurrence upon which the original claim is based. *Id.* Joinder of the additional defendants serves the added purpose of avoiding multiple lawsuits by compelling every interested party to defend against the plaintiff's action at the same time. Accordingly, the additional defendants' preliminary objection regarding joinder is hereby overruled.

In their second preliminary objection, the additional defendants assert that the defendants' complaint fails to set forth a cause of action for which relief may be granted. When ruling on a preliminary objection in the nature of a demurrer, the court must accept as true all material facts set forth in the pleading, as well as all reasonable inferences deducible from such facts. *Carde-*

*nas v. Schober,* 783 A.2d 317, 321 (Pa. Super. 2001). However, the court is not required to accept as true "conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Envirotest Partners v. PennDOT,* 664 A.2d 208, 211 (Pa. Commw. 1995) (citing *Meier v. Maleski,* 167 Pa. Commw. 458, 648 A.2d 595 (1994)). Preliminary objections should be sustained only in those instances where it appears with certainty that the law would not permit recovery. *Id.*

In support of the demurrer, the additional defendants first contend that detrimental reliance does not exist because the defendants were required to transfer their K & M stock at the time of the January 1, 2002 agreement. Therefore, the defendants could not have relied on the additional defendants' April of 2004 promise to assume any debts of K & M when the defendants transferred their stock two years later.

Detrimental reliance is another name for promissory estoppel. *Peluso v. Kistner,* 970 A.2d 530, 533 (Pa. Commw. 2009). "Under this theory, a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcing the promise." *Matarazzo v. Millers Mutual Group Inc.,* 927 A.2d 689, 692 (Pa. Commw. 2007). The reliance on the promise provides the consideration for the formation of the contract, the breach of which is actionable. *Travers v. Cameron County School District,* 117 Pa. Commw. 606, 544 A.2d 547 (1988).

Although the defendants were already obligated to transfer their stock under a prior agreement, it cannot be said with certainty that the law would not permit recovery. Paragraph 9 of the defendants' complaint states that "defendant Timothy S. Kelly signed over his stock in K & M Feeds Inc. to Carl V. Mace, all on the good faith belief that the defendants were being released of any and all liability to The First National Bank of Slippery Rock under the 2002 guaranty undertaking and any other liability connected with K & M Feeds Inc." In promising to release the defendants of all K & M obligations, the additional defendants should have reasonably expected to induce the defendants to transfer the stock. The defendants did, in fact, transfer the stock. The additional defendants then failed to honor their promise to pay the plaintiff. If their agreement is not enforced, the defendants could be forced to pay $313,781.36 to the plaintiff. Accepting as true all of the material facts and reasonable inferences from those facts, the court finds that defendants' complaint sets forth the necessary facts to establish a claim for detrimental reliance.

The additional defendants further assert that the defendants' complaint is legally insufficient with respect to Cindy A. Mace. They argue that Ms. Mace did not receive anything in exchange for her purported oral promise, and therefore, the defendants' claim against her fails for a lack of consideration. As stated above, the detrimental reliance on the promise provides the necessary consideration for the formation of a contract. *Travers,* 117 Pa. Commw. at 613, 544 A.2d at 551. Accordingly, the defendants' claim against Ms. Mace cannot fail for lack of consideration.

In their final preliminary objection, the additional defendants argue that the defendants' complaint is not sufficiently specific. Rule 1028(a)(3) of the Pennsylvania Rules of Civil Procedure provides that a party may file a preliminary objection based upon "insufficient specificity in a pleading." Pa.R.C.P. 1028(a)(3).

"The pertinent question under Rule 1028(a)(3) is whether the complaint is sufficiently clear to enable the defendant to prepare his defense, or whether the plaintiff's complaint informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *Rambo v. Greene,* 906 A.2d 1232, 1236 (Pa. Super. 2006). (internal citations and quotation marks omitted)

Clearly, a complaint must provide the defendant with notice of what the plaintiff's claims are, the grounds upon which they rest and formulate the issues by summarizing the material facts to support the claims. *Unified Sportsmen of Pennsylvania v. Pennsylvania Game Commission (PGC),* 950 A.2d 1120, 1134 (Pa. Commw. 2008). (citations omitted)

The additional defendants initially argue that they are not able to respond to the defendants' complaint because the terms of the January 1, 2002 agreement attached to the complaint are not clear. In accordance with Pa.R.C.P. 1019(i), the defendants attached a copy of the contract to their complaint. An examination of the contract reveals that all of the material terms of the agreement are set forth in a clear and concise manner. The additional defendants fail to identify any specific shortcomings with

the document. Therefore, the court finds that the terms of the agreement are sufficiently specific to permit the additional defendants to form a response.

The additional defendants again claim they are unable to respond to the complaint because the terms of the release agreement referred to in paragraph 8 of the defendants' complaint are not identified and the complaint does not indicate whether the release agreement is oral or written. Paragraph 8 states: "In April of 2004, the additional defendants agreed to release the defendants from any and all . . . obligations for which the defendants had personally obligated themselves on behalf of K & M Feeds Inc.; and the defendants agreed to put said release in writing. The documentation in this regard was handled by Attorney Robert D. Clark in New Wilmington." Rule 1019 requires that a pleading "state specifically if the agreement is oral or written." Pa.R.C.P. 1019(h). In the event that the agreement is in writing and a copy is unavailable to the pleader, "it is sufficient so to state, together with the reason, and to set forth the substance in writing." Pa.R.C.P. 1019(i).

The defendants failed to "specifically state" whether the agreement is oral or written. Although the defendants indicate that documentation regarding the agreement is in the possession of Attorney Clark, the defendants do not explain why such documentation is "not accessible" to them. Further, the defendants do not set forth the substance of the agreement if it is unavailable and in writing.

The defendants' complaint is insufficiently specific as it fails to adequately apprise the additional defendants'

of the contents of their April 2004 agreement. Therefore, the court denies the additional defendants' misjoinder and legal insufficiency preliminary objections, but grants the preliminary objections regarding the amended complaint's lack of specificity. The defendants are permitted to amend the complaint to remedy the aforementioned infirmities.

## ORDER

And now, January 11, 2010, the court having held a hearing on October 26, 2009 regarding additional defendants' preliminary objections to defendants' complaint, with P. Raymond Bartholomew, Esquire, appearing and representing the defendants, and James W. Manolis, Esquire, appearing and representing the additional defendants, and Daniel J. Birsic, Esquire, and Joseph A. Fidler, Esquire, representing the plaintiff, the court finds and it is hereby ordered and decreed as follows:

(1) Additional defendants' preliminary objection alleging misjoinder is hereby overruled pursuant to the attached opinion.

(2) Additional defendants' preliminary objection alleging legal insufficiency is hereby overruled pursuant to the attached opinion.

(3) Additional defendants' preliminary objection alleging insufficient specificity is hereby sustained pursuant to the attached opinion.

(4) Defendants are granted a period of 20 days from the date of this order to file an amended complaint.

532

(5) The prothonotary shall properly serve notice of this order and attached opinion upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.