J-A21020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TRIDENT MORTGAGE COMPANY, LP | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IAN CLARDY, CROSSCOUNTRY | : | |
| MORTGAGE, LLC, TIM ROACH, | : | |
| BRIAN JOHNSTON AND CONNOR | : | No. 1026 EDA 2022 |
| KRIEG | : | |
| | : | |
| | : | |
| APPEAL OF: CROSSCOUNTRY | : | |
| MORTGAGE, LLC | | |

Appeal from the Order Entered April 5, 2022
In the Court of Common Pleas of Chester County
Civil Division at 2020-03581-CT

BEFORE:  LAZARUS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:               **FILED SEPTEMBER 30, 2022**

CrossCountry Mortgage, LLC (Appellant),[1] appeals from the order denying Appellant's petition to strike the praecipe to discontinue filed by Trident Mortgage Company, LP (Trident).  We affirm.

The trial court summarized the case history as follows:

Trident brought this action by complaint filed June 5, 2020 seeking legal and equitable remedies ("First Action").  Trident alleged that three individual defendants, Tim Roach, Ian Clardy and Brian Johnston, had resigned their employment at Trident to accept employment with a competitor in the residential mortgage business, [Appellant], at an office managed by former Trident employee and defendant, Connor Krieg.  On the same day, Trident

_____

[1] Defendants Tim Roach, Ian Clardy, Brian Johnston, and Connor Krieg are not parties to this appeal.

petitioned for injunctive relief pursuant to Pa. R.C.P. No. 1531(a) and moved for expedited discovery. Trident sought, *inter alia*, to enjoin 1.) the misappropriation, use and disclosure of confidential information and trade secrets; 2.) the misappropriation, use and disclosure of the personal information of Trident's clients[;] 3.) the solicitation of Trident's clients; and 4.) further recruitment of Trident's employees. [The trial court] entered an order [scheduling] June 29, 2020 for hearing. … [Appellant] answered the petition and motion on June 22, 2020. On or about June 25, 2020, the parties signed a Standstill Agreement and Trident withdrew its petition. Thereafter, on February 11, 2021, Trident discontinued the First Action without prejudice by praecipe.

On January 29, 2021, Trident commenced an action against only [Appellant] seeking legal and equitable remedies; the action is docketed at 2021-00679-TT ("Second Action"). In the Second Action, Trident alleged that the First Action had been discontinued because the parties had reached a Standstill Agreement. As part of the Standstill Agreement, [Appellant] purportedly promised that it would not access, use, disclose or reveal Trident's trade secrets and Trident agreed to discontinue the action. In the Second Action, Trident accused [Appellant] of hiring away additional employees and continuing to misappropriate trade secrets and confidential information. Trident accuses [Appellant] of breaching the Standstill Agreement. [T]he Second Action was … reassigned to [the trial court] on July 13, 2021.

On March 29, 2021, [Appellant] petitioned in the First Action to strike the discontinuance and a standard rule order was entered permitting discovery by deposition. Disputes arose concerning discovery related to the petition that resulted in motion practice. A dispute arose concerning the filing of a reply brief that also resulted in motion practice. Eventually, the petition was listed for argument on January 20, 2022. Inadvertently, an order was not entered denying the petition to strike until April 5, 2022, and from that order [Appellant] appeals. [Appellant and the trial court have complied with Pa.R.A.P. 1925.]

Trial Court Opinion, 5/10/22, at 1-2.

Appellant raises a single issue on appeal:

Did the trial court commit reversible error in denying [Appellant's] Petition to Strike [Trident's] Praecipe to Discontinue, where the

- 2 -

discontinuance effectively deprived [Appellant] of its procedural rights under Rules 229(b)(1) and 1033(a) of the Pennsylvania Rules of Civil Procedure?

Appellant's Brief at 2.

Rule 229 provides, in relevant part, as follows:

**Rule 229.** Discontinuance

(a) A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial.

(b)(1) Except as otherwise provided in subdivision (b)(2), a discontinuance may not be entered as to less than all defendants except upon the written consent of all parties or leave of court upon motion of any plaintiff or any defendant for whom plaintiff has stipulated in writing to the discontinuance.

...

(c) The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice.

Pa.R.Civ.P. 229(a), (b)(1) and (c).

A discontinuance in strict law must be by leave of court, but it is the universal practice in Pennsylvania to assume such leave in the first instance. However, the discontinuance is subject to be stricken for cause shown:

> **The causes which will move the court to withdraw its assumed leave and set aside the discontinuance are addressed to its discretion, and usually involve some unjust disadvantage to the defendant or some other interested party[.]**

A discontinuance that is prejudicial to the rights of others should not be permitted to stand even if it was originally entered with the expressed consent of the court.

In determining whether to strike a discontinuance, the trial court must consider all facts and weigh equities. Further, the trial court must consider the benefits or injuries which may result to the respective sides if a discontinuance is granted. In ***Foti*** [***v. Askinas***, 639 A.2d 807 (Pa. Super. 1994)], the case had been pending for approximately five years at the time of the discontinuance. Depositions had been taken, interrogatories exchanged and several motions ruled on by the court. This Court ultimately held that the trial court had abused its discretion in granting the discontinuance where appellants, who endured the burden of litigating the initial suit for almost five years, may again be subjected to the same litigation. [***Foti***, 639 A.2d 809-10.]

Additionally, discontinuances may be improper where there is a dispositive motion pending. In ***Nichols*** [***v. Horn***, 525 A.2d 1242 (Pa. Super. 1987)], this Court concluded the trial court abused its discretion by refusing to strike a discontinuance where a motion for summary judgment was pending. This Court explained:

> We think prejudice has been shown where, as here, a motion for summary judgment has been filed and the party seeking to strike the discontinuance would be entitled to summary judgment if the discontinuance was not allowed. Under these circumstances, the court abused its discretion in refusing to find prejudice.

Our courts have also held that discontinuances are improper where it is apparent that the purpose of plaintiffs' discontinuance is to "forum shop." In ***Brown*** [***v. T.W. Phillips Gas & Oil Co.***, 74 A.2d 105, 108 (Pa. 1950)], the plaintiffs sought to discontinue their case in an effort to pursue a similar action that had begun in federal court. The Court explained, "[O]nce the jurisdiction of a competent court has attached, discontinuance of the action ought not to be permitted over objection of the adversary if the only reason for discontinuing is the plaintiffs' desire to institute action for the same cause in another forum." ***Id.*** at 108.

***Pohl v. NGK Metals Corp.***, 936 A.2d 43, 46–47 (Pa. Super. 2007) (some citations omitted).

A party challenging a trial court's exercise of discretion bears a "heavy burden." *Marra v. Smithkline Beecham Corp.*, 789 A.2d 704, 706 (Pa. Super. 2001) (citation omitted).

> It is not sufficient to persuade the appellate court that it might have reached a different conclusion under the same factual situation. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.

*Id.* (citation omitted).

The gravamen of Appellant's complaint is that the trial court erred in considering the facts and weighing the equities; Appellant claims the trial court "failed to recognize that Trident's gamesmanship deprived [Appellant] of its **procedural rights** under Pennsylvania Rules of Civil Procedure 229(b)(1) and 1033(a)." Appellant's Brief at 17 (emphasis added). Thus, Appellant asserts that it does not have to demonstrate actual prejudice, because "such a deprivation of procedural rights amounts to legal prejudice that requires the denial of a discontinuance." *Id.* Appellant also criticizes the trial court's adherence to our decision in *Pohl*. *See id.* at 17-18. We are not persuaded by Appellant's argument.

As noted above, Pennsylvania Rule of Civil Procedure 229(b)(1) provides that

> a discontinuance may not be entered **as to less than all defendants** except upon the written consent of all parties or leave of court upon motion of any plaintiff or any defendant for whom plaintiff has stipulated in writing to the discontinuance.

Pa.R.Civ.P. 229(b)(1) (emphasis added).

Rule 1033(a) provides:

A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise amend the pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Pa.R.Civ.P. 1033(a).

By its plain terms, Rule 229(b)(1) is applicable in cases involving **partial** discontinuances. Here, Trident discontinued the First Action in its entirety. *See* Praecipe to Discontinue Without Prejudice, 2/11/21. Moreover, Trident did not file an amended complaint in the First Action; it filed a new action. Accordingly, Rule 1033(a) does not apply. As neither Rule of Civil Procedure relied upon by Appellant is applicable, its claim concerning Trident's violation of the two Rules lacks merit. Appellant appears to acknowledge as much, but emphasizes that Trident engaged in "gamesmanship" and "maneuvering" which "deprived [Appellant] of its procedural rights." Appellant's Brief at 17 and 20. Appellant contends the Second Action, "largely duplicated the allegations and claims of the First Action." *Id.* at 20.

The trial court rejected this contention, stating:

[T]he actions are not identical. Trident has determined not to sue its former employees. The Second Action raises a breach of contract claim not available at the time the First Action was filed. The Second Action cites to events occurring after the First Action

- 6 -

was filed, including [Appellant's] purported hiring away of additional Trident employees. Finally, Trident raises claims for breach of fiduciary duty by misappropriation of confidential information and violation of the Pennsylvania Mortgage Licensing Act that were not raised in the First Action.

Trial Court Opinion, 5/10/22, at 4-5.

We have reviewed the complaints in both actions and agree. The record reflects the complaint in the First Action concerned events which took place in and around Memorial Day Weekend 2020, when three of the individual defendants allegedly acted in concert with Appellant to violate their employment contracts, misappropriate confidential information, and give the information to Appellant. *See* Complaint in First Action, 6/5/20, at 10-18. The complaint in the Second Action concerns a different set of events, which occurred more than seven months later, when different Trident employees allegedly acted in concert with Appellant. *See* Complaint in Second Action, 1/29/21, at 8-23. Thus, Appellant's claim that the actions are duplicative lacks support.

Likewise, Appellant's contention that the trial court should have presumed "legal prejudice" lacks support. Appellant's Brief at 17-18. Appellant relies on our decision in ***Hileman v. Morelli***, 605 A.2d 377 (Pa. Super. 1992). *See id.* at 17-18, 27-32. However, that decision is inapposite and does not support Appellant's conclusion that "legal prejudice" occurs when the Rules of Civil Procedure are violated.

Understanding the decision in ***Hileman*** to be narrow, we stated:

> This case presents a difficult procedural question concerning **the interrelationship between the joinder rules and discontinuance practice.** The question itself can only be understood **in light of the peculiar scenario in which it arose**[.]

*Hileman*, 605 A.2d at 378-79 (emphasis added).

In *Hileman*, the plaintiffs filed a wrongful death and survival action against a hospital and the estate of the decedent's deceased treating physician. *Id.* at 379. Both defendants filed preliminary objections, which the trial court granted; the trial court directed the plaintiffs to file an amended complaint with more specific allegations against the defendants. *Id.* Instead of complying with this directive, the plaintiffs filed an amended complaint removing the hospital as a defendant. *Id.* After procedural maneuvering and over the physician's estate's objections, the trial court granted the plaintiffs' oral motion to dismiss the hospital pursuant to Pa.R.Civ.P. 229(b)(1), but gave the physician's estate 30 days to "file a writ or complaint against [the h]ospital to preserve any rights of contribution or indemnity." *Id.* at 380, *see also id.* at 379-80.

On appeal, this Court held that the trial court erred "in granting a discontinuance as to the hospital **without preserving the full battery of joinder rights provided to the estate under the rules of civil procedure**." *Id.* at 381 (emphasis added). We did not discuss much law regarding discontinuances, but focused on joinder, the statute of limitations, causes of action, and joint and several liability. *Id.* at 381-86. In addition,

we did not use the term "legal prejudice" or conclude that prejudice is presumed in when the Rules of Civil Procedure are violated. **Id.** Rather, we concluded the physician's estate had demonstrated **actual prejudice**. **Id.** at 385-86. We noted that because the statute of limitations for the plaintiffs to file a complaint against the hospital had passed, the trial court's dismissal of the hospital deprived the physician's estate of its defense that the hospital was solely liable for the alleged malpractice. **Id.** We concluded the trial court should have either denied the request for a partial discontinuance, or allowed the physician's estate to join the hospital *nunc pro tunc*. **Id.**

We see nothing in **Hileman** of relevance to this case. In the thirty years since this Court decided **Hileman**, we have only cited it on five occasions; none of those occasions has involved the rules regarding discontinuances or "legal prejudice." **See Sehl v. Neff**, 26 A.3d 1130, 1133-34 (Pa. Super. 2011) (citing **Hileman** in discussing joint and several liability); **L.B. Foster Co. v. Caracciolo**, 777 A.2d 1090, 1095 (Pa. Super. 2001) (citing **Hileman** briefly with respect to joint and several liability); **Lawrence v. Meeker**, 717 A.2d 1046, 1048 n.4 (Pa. Super. 1998) (citing **Hileman** in footnote reference to joint and several liability); **Gordon v. Sokolow**, 642 A.2d 1096, 1099 (Pa. Super. 1994) (citing **Hileman** for definition of "cause of action"); **Bianculli v. Turner Const. Co.**, 640 A.2d 461, 465 (Pa. Super. 1994) (citing **Hileman** in string cite as part of discussion of joinder). As such, Appellant's contention

that **Hileman** mandates a presumption of "legal prejudice" in cases involving a violation of a Rule of Civil Procedure fails.

In contrast, the trial court properly analyzed Appellant's motion to strike under the principles articulated in **Pohl**, **supra**. The court considered all facts and weighed equities in finding that Appellant

> demonstrated no prejudice through the discontinuance of the First Action. There is no duplication in effort;[1] there is no waste of resources. Trident has not acted to avoid the outcome of a dispositive motion. Trident is free to reframe its litigation and to proceed solely against [Appellant] on its claims, if it so chooses.
>
> [1] [Appellant] only responded to the petition for injunctive relief in the First Action and had not even answered the complaint.

Trial Court Opinion, 5/10/22, at 5 (footnote in original).

As the trial court did not abuse its discretion, we affirm the order denying Appellant's petition to strike the praecipe to discontinue. **Marra**, 789 A.2d at 706.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2022

- 10 -